And there should be stricken out from said fifth finding the following:

17th Election District, Exhibit 13
19th     "       "      "    1

The sixth finding of fact should be modified, by striking out the word "thirty-three," inserting in lieu therefor "fifty-three," and the figures 1,309, and inserting in lieu thereof 1,330.

The seventh finding of fact should be modified, by adding to the list of ballots found to be good and valid, and which should be counted for Patrick J. Kane, the following:

2d  Election District, Exhibit  4
3d     "      "      "    1
10th   "      "      "   2, 7, 9, 12
16th   "      "      "   4
17th   "      "      "   10

And from said finding should be stricken out the following exhibits:

1st  Election District, Exhibit  7
2d     "      "      "   9
3d     "      "      "   11
10th   "      "      "   6
14th   "      "      "   2, 4
17th   "      "      "   5
18th   "      "      "   7
22d   "      "      "   5

The eighth finding should be modified, by striking out the word "forty," and inserting in lieu thereof "thirty-nine."

The first conclusion of law should be modified, by striking out the figures 1,309, and inserting in lieu thereof 1,330, and the order appealed from should be modified accordingly; and, as modified, affirmed, with costs and disbursements to the respondent. Settle order on notice. All concur.

---

McQUEENEY v. SUTPHEN & HYER et al.   (No. 86/75.)

(Supreme Court, Appellate Division, Third Department.  May 5, 1915.)

1. MASTER AND SERVANT &#9758;87½, New, vol. 16 Key-No. Series—COMPENSATION FOR INJURIES — STATUTORY PROVISIONS — "MANUFACTURE OF GLASS PRODUCTS."

Cutting up and beveling glass, or making looking glasses of it, is a "manufacture of glass products," within Workmen's Compensation Law (Consol. Laws, c. 67) § 2, group 20, specifying as hazardous employments covered by that act the manufacture of glass, glass products, and glassware.

2. MASTER AND SERVANT &#9758;250¾, New, vol. 16 Key-No. Series—PROCEEDINGS FOR COMPENSATION FOR INJURIES—PRESUMPTION.

Under Workmen's Compensation Law, § 21, providing that it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of that act, and sections 20, 68, providing that the Commission shall make such investigation as it deems necessary, and that it shall not be bound by common-law or statutory

rules of evidence, or by technical rules of procedure, where it· appeared that a part of an employer's business was the manufacture of mirrors and beveled plates, but it did not appear what was to be done with a light of plate glass which an employé was raising when injured, compensation was properly awarded, under section 2, group 2, relating to manufacture of glass, and glass products.

3. MASTER AND SERVANT ☞16½, New, vol. 16 Key-No. Series—COMPENSATION FOR INJURIES—STATUTORY PROVISIONS.

Though some of the provisions of the Workmen's Compensation Law, and the practice thereby provided, are unusual, and if they related to ordinary actions or proceedings in court might be claimed to infringe constitutional rights, the law and its unusual provisions are authorized by Const. art. 1, § 19, providing that nothing in the Constitution shall limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employés, or· for the payment of compensation for injuries to employés, or for death therefrom, without regard to fault as a cause thereof, except where the injury is occasioned willfully, or results from intoxication, or for the adjustment, determination, and settlement, with or without a jury, of issues arising thereunder.

4. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—COMPENSATION FOR INJURIES—STATUTORY PROVISIONS.

The Workmen's Compensation Law should be liberally construed, so as to give to the employé and the employer alike the protection manifestly intended, and to cast upon the fund thereby created the burden which equitably rests upon it.

5. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—COMPENSATION FOR INJURIES—STATUTORY PROVISIONS.

Under Workmen's Compensation Law, § 50, providing that an employer shall secure compensation to his employés by insuring the payment thereof in the state fund, or with a corporation or association authorized to transact the business of workmen's compensation insurance, or by furnishing satisfactory proof to the Workmen's Compensation Commission of his financial ability to pay such compensation for himself, in which case the Commission may require the deposit of securities to secure his liability, the risks and changes of business being such that the ordinary individual or firm cannot qualify as a self-insurer, the law should be construed on the theory that it contemplates insurance in the state fund, and employers who insure in the state fund or otherwise, or who are self-insurers, should all be governed by the same rule.

6. CONSTITUTIONAL LAW ☞311—RULES OF EVIDENCE—POWER OF LEGISLATURE.

The Legislature may, without affecting any party's constitutional rights, change the rules of evidence and procedure, and cast the burden of proof upon any party, and make certain acts prima facie evidence of facts, if the acts by any reasonable intendment bear upon or tend to establish the facts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 932; Dec. Dig. ☞311.]

7. CONSTITUTIONAL LAW ☞311—MASTER AND SERVANT ☞16½, New, vol. 16 Key-No. Series—PROCEEDINGS FOR COMPENSATION FOR INJURIES—PRESUMPTION.

Workmen's Compensation Law, § 21, providing that in proceedings for the enforcement of claims it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of that act, does not infringe upon the due process of law guaranteed by the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 932; Dec. Dig. ☞311.]

Appeal from Workmen's Compensation Commission.

In the matter of the claim of Thomas McQueeney against Sutphen & Hyer and another for compensation to himself under the Workmen's Compensation Law. From a determination of the Workmen's Compensation Commission, granting compensation to the claimant, the employer and the insurance carrier appeal. Affirmed.

Nadal, Jones & Mowton, of New York City (Edward P. Mowton, of New York City, of counsel), for appellants.

E. C. Aiken, of Albany, for the Attorney General.

·Jeremiah F. Connor, of New York City, for the Commission.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

JOHN M. KELLOGG, J.   [1] The claimant was an employé in the shop or factory of the employers, whose business was "polishing plate and window glass, jobbers and manufacturers of mirrors and beveled plates." The claimant was injured while assisting two coemployés in raising a light of plate glass, 84 by 96 inches, from the cutting table. The Commission has made him an award, apparently holding that his employment was within group 20 of section 2 of the Workmen's Compensation Law. That group is:

"Manufacture of glass, glass products, glassware, porcelain or pottery."

Cutting up and beveling glass, or making looking glasses of it, may be considered a manufacture of glass products within the meaning of this law.

[2] The appellants contend that it does not appear that the claimant was engaged in one ·of the hazardous employments defined by section 2 of the law; that it does not appear that the glass which the claimant was handling was being made into looking glasses or beveled glass plates, or even was to be cut into small-sized plates; that for all that appears he may have been packing glass which had been sold to a customer in the same condition it was in when received at the shop. This contention overlooks the provision of section 21 that in any proceeding for the enforcement of a claim it shall be presumed, in the absence of substantial evidence to the contrary, "(1) that the claim comes within the provisions of this chapter." The presumption in itself is not unreasonable. Under the act the claimant, within ten days after the injury, must notify the Commission and the employer of the accident (section 18); the employé, within ten days after the accident, must report it to the Commission, giving the nature and the cause of the injury (section 111); any time after 14 days the claim may be filed; thereupon the Commission investigates the claim in its own way, and if required by either party gives a hearing (section 20). We quote from section 68:

"The Commission * * * shall not be bound by common-law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry or conduct such hearing in such manner as to ascertain the substantial rights of the parties."

[3] Some of the provisions are quite unusual, and if they related to ordinary actions or proceedings in court might with some reason be claimed to infringe upon the constitutional rights of the parties. But section 19, article 1, of the Constitution authorizes the law and its unusual provisions. Among other things, it provides that nothing in the Constitution shall be construed as limiting the power of the Legislature to enact laws for the adjustment, determination, and settlement, with or without trial by jury, of issues which may arise under such legislation. The fact, therefore, that the practice is unusual, is no objection to it, as the Constitution authorizes the Legislature to create this new remedy and the practice to enforce it.

If the exact cause of the injury is not made plain to the Commission, the employer is at fault, as he has failed properly to report the accident. He has every means of knowing the facts, and should not benefit by withholding them. If the employé is engaged in an employment declared hazardous by this law, but at times may work in a nonhazardous employment, it is not unreasonable that the injury should be considered within the act if the employer fails to show all the facts.

The state, in a way, assesses upon such hazardous employment such a sum as may fairly meet its risks, collecting the money in advance, or requiring security for its payment, for the benefit of the injured employés. The amount it collects in each year from each employment is based upon the number of men employed, the pay rolls, and the particular nature of the employment. The Commission, however, permits an employer to contract for insurance by which, in cases of an injury, the amount of the award shall be paid by the insurance carrier to the state for the benefit of the injured persons, and also permits the employer to be a self-insurer upon his satisfying the Commission that he is able to pay and will pay to it the sums necessary to meet awards for the injuries received by employés in his business. In effect, therefore, the state through its Commission, undertakes to make compensation for injuries received in these hazardous employments from moneys which the employer has in advance paid or secured to it under a law which declares that such payments may be treated as a proper charge of the cost of operating the business, thus in the end putting the premium upon the ultimate consumer. In contemplation of the act and the constitutional provision under which it was passed, accidents in the employment finally fall upon the consumer, and not upon the employé or employer; the State Commission standing between the employé, the employer, and the ultimate consumer.

We therefore have a situation in which, if the employer had insured in the state fund, the insurance premium would rest upon the basis that, when at work for his employer, the claimant, McQueeney, was to be engaged in the hazardous employment all the while, and the premium having been exacted upon that basis, prima facie the loss should be met upon that basis. The administrators of the fund are not in a favorable position to contend that, if he is injured while in the course of his employment, the fund is not liable to pay the loss. It is not inequitable that as against the fund the injury should be assumed

to be within the law, unless otherwise shown. An employer who is insured in the state fund has been compelled to pay in advance for the injuries arising in his employment, and upon that account, by section 53, is granted immunity from all other liability on account of accident to his employés, and the employés are deprived of all other remedies. If the act is to be construed technically, it deprives the employé of its beneficial provisions and the employer from the protection which he has paid for and the state has undertaken to give.

[4] The law should be liberally construed, so as to give to the employé and the employer alike the protection manifestly intended, and to cast upon the fund the burden which equitably rests upon it. The state, under heavy penalties, has compelled the employer to pay to it his money on the promise that it would disburse them to protect him from loss on account of injuries incurred in such employment. The state must be held strictly to the obligation it has incurred.

[5] The compensation awarded by the Commission is payable periodically in accordance with the method of paying wages, and in death cases may continue during the lifetime of the beneficiary, and in other cases may continue for a long period of years. No one can be a self-insurer unless he satisfies the Commission of his liability to continue all payments awarded, and he may be required to deposit securities to insure such payments. Section 50. The risks and changes of business are such that it is evident that the ordinary individual or firm cannot qualify as a self-insurer. The large corporations, whose continuous existence is assured, or who are able to deposit the securities required, can qualify as self-insurers. In effect, therefore, the law requires that the ordinary individual and firm, and perhaps the great mass of employers, must insure in the state fund or otherwise. The law, therefore, should be construed on the theory that it contemplates insurance in the state fund, and employers who insure in the state fund or otherwise, or who are self-insurers, should fairly be governed by the same rule. It is the right of the individual employé and of the employer that they should be treated the same as all other employés and employers within the act.

[6, 7] The Legislature may from time to time change the rules of evidence and procedure, and a party's constitutional rights ordinarily are not affected thereby. It may cast the burden of proof upon any party, and may make certain acts prima facie evidence of facts, if the acts by any reasonable intendment bear upon or tend to establish the facts. The rule of presumption and the provisions of the act do not, therefore, infringe upon the due process of law guaranteed by the Constitution. People v. Johnson, 185 N. Y. 219, 77 N. E. 1164. But the presumption is fairly warranted by the constitutional provision mentioned.

We conclude, therefore, that the Commission was justified in determining that the employé sustained his injury in the course of hazardous employment.

The award should therefore be affirmed. All concur; HOWARD, J., in result.