KOHLER v. FROHMANN et al.   (No. 86/71.)

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—COMPENSATION
FOR INJURIES—STATUTORY PROVISIONS—EVIDENCE.

   Under Workmen's Compensation Law (Consol. Laws, c. 67) § 2, group
30, specifying as hazardous employments covered by that act packing
houses, abattoirs, and the manufacture or preparation of meats or meat
products, and section 21, providing that in proceedings for the enforce-
ment of claims for compensation it shall be presumed, in the absence
of substantial evidence to the contrary, that the claim comes within the
provisions of that act, where it appeared that an employé in the market
of a retail butcher lost four fingers while forcing meat into an electric
chopper, and it did not appear what kind of meat he was grinding, or
for what purpose it was being ground, the employer's report giving no
further details, though he evidently knew, or had the means of know-
ing, the particular purpose for which the chopper was being used, com-
pensation was properly awarded, as the employé might have been grind-
ing the meat for sausage, or to make some other meat preparation, and,
if the injury occurred outside of the hazardous employment, it rested
with the employer to show the facts; the employé having died from
disease caused by the injury.

Appeal from Workmen's Compensation Commission.

In the matter of the claim of Katie Kohler against Harry Frohmann
and another for compensation to herself and children under the Work-
men's Compensation Law for the death of Nicholas Kohler.   From
an award of the State Workmen's Compensation Commission, the em-
ployer and the insurer appeal.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Nadal, Jones & Mowton, of New York City (Edward P. Mowton, of
New York City, of counsel), for appellants.

E. C. Aiken, of Albany, for the Attorney General.

Jeremiah F. Connor, of New York City, for the Commission.

JOHN M. KELLOGG, J.   The employer was a retail butcher carry-
ing on a market at 1850 Park avenue, New York.   The intestate was
in his employ, and while grinding meat in an electric meat chopper lost
four fingers of his right hand, which resulted in lober pneumonia,
causing his death, and the Commission has made an award for the
benefit of his widow and children.

The appellants contend that the intestate was not engaged in an
employment declared hazardous by the statute, and was not therefore
within its provisions, and that the finding of the Commission is con-
trary to law and the evidence.

Under group 30 of section 2 of the Workmen's Compensation Law,
compensation is to be made for injuries sustained or death incurred
by an employé engaged in the hazardous employments:

"Packing houses, abattoirs, manufacture or preparation of meats or meat
products or glue."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

While the intestate was putting meat into the electric chopper, and was forcing it in with his fingers, he received the injury. It does not appear what kind of meat he was grinding or for what purpose it was being ground. The employer, in his report, gives no further details of the matter. Evidently he knew, or had the means of knowing, the particular purpose for which the chopper was being used at the time of the accident. It does not appear that the intestate was not grinding the meat for sausage, or to make some other preparation of meat. The only party presumably having knowledge of the fact has failed to disclose the situation. Such failure raises some inference that the full particulars would not be to his advantage. As making of sausage fairly comes within the business of a retail meat dealer, the conclusion of the Commission that the case falls within the act is not against the evidence.

Section 21 of the act called upon the employer for more particular information than he gave. The position most favorable to the employer is that a part of his business might fall within the hazardous employment and a part not, and if he claimed the injury occurred outside of the hazardous employment it rested with him to show the facts. In the Matter of the Claim of Thomas McQueeney v. Sutphen & Hyer et al., 153 N. Y. Supp. 554, decided at this term of court, we have considered the application of this section. The award should be affirmed.

Award affirmed. All concur.