LARSEN v. PAINE DRUG CO. et al.   (No. 239/48.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

1. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S
   COMPENSATION LAW—MANUFACTURE OF DRUGS AND CHEMICALS—"DRUG."
       Under the Workmen's Compensation Law (Consol. Laws, c. 67), where
   the employer was shown to be a wholesale druggist, he will be presumed
   prima facie to be employed in the manufacture of drugs and chemicals,
   within the meaning of that act, a drug being any substance used as a
   medicine, for under section 21 the court is required to presume that the
   case comes within the statute.
       [Ed. Note.—For other definitions, see Words and Phrases, First and
   Second Series, Drug.]

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S
   COMPENSATION LAW—UTILITY MAN—HAZARDOUS EMPLOYMENT.
       A general utility man in the employ of a wholesale druggist will be
   presumed to have participated at times in the extrahazardous work of
   handling drugs, on a proceeding for his death under the Workmen's Com-
   pensation Law, though not so engaged when killed.

3. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S
   COMPENSATION LAW—HAZARDOUS EMPLOYMENT—UTILITY MAN.
       For recovery under the Workmen's Compensation Law, it is sufficient if
   decedent's employment called for an occasional participation in a "hazard-
   ous" employment, though not so engaged when killed.

   Smith, P. J., and Woodward, J., dissenting.

Appeal from Workmen's Compensation Commission.

Proceeding for compensation under the Workmen's Compensation Law by Ingeborg Larsen for the death of her husband, Kris Larsen, opposed by the Paine Drug Company, employer, and the Employers' Liability Assurance Corporation, Limited, insurer. From an award for the claimant, the employer and the insurer appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., and Jeremiah F. Connor, of New York City, of counsel), for respond-ent.

HOWARD, J.   The Commission has found as follows:

"On the 16th day of December, 1914, the day when Kris Larsen received the injuries which resulted in his death, he resided at West Brighton, Monroe county, N. Y., and was employed as a porter, elevator man, and general utility man by the Paine Drug Company, a corporation doing business of manufac-turing and selling drugs and chemicals and medicines and pharmaceutical preparations, at both retail and wholesale, in the city of Rochester, N. Y."

[1] The evidence on which the Commission based this finding of fact is the affidavit of the secretary of the employer, in which he states that the character of the Paine Drug Company was "retail and whole-sale drugs and physicians' supplies." The employer being a wholesale druggist, it might reasonably be inferred that the concern was engaged

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the "manufacture of drugs and chemicals"; for a "drug," according to Webster, is "any substance used as a medicine," and it may be assumed that a wholesale druggist compounds and mixes different substances together into medicines, and thus manufactures drugs. The Commission did undoubtedly so assume; but, in the absence of substantial evidence to the contrary, section 21 of the act commanded the Commission, and commands us, to presume "that the claim comes within the provisions of this chapter."

[2, 3] The Commission has found that at the time of the accident the deceased—

"was engaged in building a shelf near the elevator well, and while reaching into the elevator well to obtain a board which he had placed some place on the side of the well, he lost his balance and fell down the elevator shaft from the third floor to the basement, by reason of which he was instantly killed." ·

A general utility man, engaged in an establishment where drugs and chemicals are manufactured, must be presumed to participate more or less in the work of the establishment. The deceased was engaged at the instant of the accident in building a shelf, but in order to do this it may have been necessary to handle the drugs and chemicals in the building; that is, move them so as to have room to build the shelf, and after it was built place them upon the shelf. In fact, the evidence before the Commission shows that the deceased was required to rearrange cases and do work of that character. In McQueeney v. Sutphen & Myer, 167 App. Div. 528, 153 N. Y. Supp. 554, this court said:

"If the employé is engaged in an employment declared hazardous by this law, but at times may work in a nonhazardous employment, it is not unreasonable that the injury should be considered within the act, if the employer fails to show all the facts. * * * If the employer had insured in the state fund, the insurance premium would rest upon the basis that when at work for his employer the claimant, McQueeney, was to be engaged in the hazardous business all the while, and, the premium having been exacted upon that basis, prima facie the loss should be met upon that basis."

We think it should be held that the claimant's intestate came to his death while engaged in one of the hazardous employments enumerated in the act, and that the award of the Commission should be affirmed.

KELLOGG and LYON, JJ., concur. SMITH, P. J., and WOODWARD, J., dissent