D. J. Harrington, of Saratoga Springs, for appellant.
Rockwood & McKelvey, of Saratoga Springs, for appellee.

PER CURIAM. Judgment and order unanimously affirmed, with costs, upon the opinion of Van Kirk, J., at Trial Term.

---

## GLEISNER v. GROSS & HERBENER et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—PERSONS INCLUDED.

Findings of fact by the Workmen's Compensation Commission that the claimant was employed as a janitor, having general charge of the repairs of the building, and that, while doing work on a flagpole at the top of the building, he fell and was injured, were not sufficient to show that claimant met with accidental injury in the course of a hazardous employment, within Workmen's Compensation Law (Consol. Laws, c. 67) group 42, including structural carpentry, painting, construction, repair, and demolition of buildings, etc.

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—REVIEW.

The Appellate Division has the right to examine and take into account the evidence adduced before the Workmen's Compensation Commission in making an award, as supplementing and explaining, though not contradicting, the findings of fact made by the Commission.

3. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—PERSONS INCLUDED.

If an employé's duties are exclusively or predominantly within an employment enumerated in the Workmen's Compensation Law, and he is injured while doing work fairly within the scope thereof, he may claim compensation, even though the particular act he was doing when the mishap befell him would not ordinarily be described as doing work enumerated in the statute; but, if the employé's ordinary duties do not come exclusively within the category of enumerated employments, his right to remuneration depends on a finding that he sustained injury while actually and momentarily doing work named in the statute.

Appeal from Award of Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Act by Albert Gleisner to obtain compensation, opposed by Gross & Herbener, employers, and the Commercial Casualty Insurance Company, insurer. Compensation was awarded by the Commission, and the insurance company and the employer appeal. Award set aside.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Otto D. Parker and Henry Siegrist, both of New York City, for appellants.

Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondent.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODWARD, J. The award made by the State Workmen's Compensation Commission in favor of Albert Gleisner must be set aside as unsustained by the findings or the evidence.

[1] The claimant met with accident in the course of his daily work for Gross & Herbener, the employers. This firm was in the real estate business, and owned or operated various apartment buildings in the borough of Manhattan, city of New York. One of these was No. 558 West 158th street, in which the claimant sustained the incapacitating mishap for which the Commission awarded him indemnity. Admittedly Gleisner's injuries were accidental; undeniably they arose out of and in the course of his employment, and were sustained while doing work which was within the course of his duties and the·scope of his employment. The sole question here at issue is whether, at the time the claimant met with mishap, he was doing work and "engaged" in an "employment" which the Legislature has designated as "hazardous," and so has brought himself within the purview of the new system of compensation for industrial accidents created by the Workmen's Compensation Law.

The Compensation Commission found, as a matter of fact, that the claimant "was employed as a janitor by Gross & Herbener," and that "while in the said employ he had general charge of the repairs of the building, and was engaged to make such repairs so far as he could himself." The finding of fact as to the circumstances of the accident was that:

"On said date Albert Gleisner was going up on the roof to perform some work on the flagpole on top of the building. He slipped and fell from the ladder a distance of seven or eight feet, and fractured his left femur, by reason of which injuries he was incapacitated from the date of the accident for a period of 29 weeks."

These findings of fact do not, however, sustain or warrant the conclusion that the claimant met with accidental injury in the course of an "employment" which the Legislature has defined as "hazardous," as result of the exhaustive and scientific investigations which preceded the enactment of the Workmen's Compensation Law. On their face, when read in connection with the statutory definitions, these findings altogether overcome any statutory presumption of the applicability of the system to a claim made under it, and leave the Commission's legal conclusion unsustained. The Legislature has not yet found or defined the work of a "janitor," as such, to be a "hazardous" employment. A finding that Gleisner slipped and fell "while going up on the roof to perform some work on the flagpole" does not sustain the conclusion that this janitor was engaged in one of the employments enumerated in section 20 of the statute. The State Industrial Commission will do well, in the formulation of findings upon which are based its conclusions approving or rejecting a claim, to state, in somewhat greater detail than was done in this instance, the facts which lead it to a determination that an accident under consideration was sustained in the course of an "employment" whose occupational mishaps the Legislature has made a trade risk, a charge against the cost of the industry's product.

[2] It is of course true, as contended in behalf of the claimant, that this court has the unassailable right to examine and to take into account the evidence adduced before the Commission, as supplementing, illumining, and explaining, though not as varying or contradicting, the findings of fact made by the Commission. Matter of Rheinwald, 168 App. Div. 425, 153 N. Y. Supp. 598. It is likewise true that the record as to the claim at bar contains indications that the injured "janitor" at times did work of a kind enumerated in section 20 as constituting employments within the scope of the compensation plan. He made certain repairs to plumbing, and did painting and carpenter work of at least a minor kind. He covered pipes with asbestos; and during the winter months he operated the boiler of the steam-heating plant. This boiler and plant were not, however, in operation during September, when Gleisner was injured. The Commission found that Gleisner "had general charge of the repairs of the building, and was engaged to make such repairs so far as he could himself," though it must be said that the evidence seemed fairly to indicate that most or all of the repair work done by Gleisner was done for tenants, rather than for Gross & Herbener. The contention in behalf of claimant is accordingly that the claimant's "employment" was included within group 42 of the act, which includes:

"Structural carpentry; painting; construction, repair, and demolition of buildings; plumbing; heating engineering; covering of pipes or boilers."

Passing by the question, not argued or passed upon on this appeal, whether the casual and incidental work of a "janitor" along lines which perhaps at times include some "painting," "structural carpentry," "construction, repair, and demolition of buildings," "covering of pipes or boilers," and the like, can be deemed to rank that janitor as "engaged" in an "employment" enumerated in group 42, we are confronted by the fact that Gleisner's own notices of injury and claims for compensation state that at the time he was injured he was going to the roof upon a ladder for the purpose of hanging up a flag. Although the putting out of a flag on the roof of his employer's building was doubtless an incidental part of his duties as janitor, it cannot in law or common sense be deemed an actual or incidental part of any of the kinds of work enumerated in group 42 of the act.

That Gleisner's employer, the tenants, or Gleisner himself, regarded his position and employment as that of "janitor," a nonenumerated employment, is, of course, not decisive of his right or lack of right to compensation for occupational injury. Regardless of the contractual or colloquial designation of the duties or position of an injured employé, the question remains in every instance as to the work which he was in fact doing and the extent to which his work came within the category of the enumerated employments. The actuality, rather than the appellation, is the sound basis for the Commission's action in determining whether an employé met with mishap in the course of an enumerated employment. If, within the scope of his duties, he was injured while actually and unmistakably doing, at the moment, work of a kind specifically defined in the statute as "hazardous," his right

is clear. Under other circumstances his right must depend on proof of facts regarding which the present findings and the present record are alike inadequate basis for affirming an award.

[3] The applicability of the enumerations or definitions of "employments" deemed entitled to the protection of the statute is, of course, not to be determined narrowly and constrainedly, but rather in the reasonable and common-sense manner essential to the vitality of the operation of the statute. If an employé is hired for work falling exclusively or predominantly within one or more of the enumerated occupations, his right to compenation for injury in the course of his employment cannot fairly be made to hinge on a finding that he was, at the moment of injury, engaged in an act clearly constituting the direct doing of work named in the act. The painter's right to compensation for injury sustained at his daily trade does not depend on a showing that he was at the moment applying a brush, mixing paints, or mounting a scaffold. If an employé's duties are exclusively or predominantly within an enumerated employment or employments, and he is injured while doing work fairly within the scope of the ordinary and accustomed fulfillment of such duties, he has a rightful claim, even though the particular act he was doing when mishap befell him would not, of and by itself, ordinarily be described by the use of phraseology contained in the statute or as the doing of work enumerated in the statute. To hold otherwise would defeat the fair purpose of the law, and make its operation hinge and its benefits depend on harsh, arbitrary, and unworkable distinctions which would inevitably paralyze its practical workings.

Where, however, as apparently here, the employé's ordinary duties and accustomed scope of activities do not come exclusively or predominantly within the category of enumerated employments, and only casually and incidentally does he do work fairly falling within that category, his right to remuneration must hinge on a finding that he sustained injury while actually and momentarily doing work named in the statute. If the employer shows that the employé was not so engaged when he met with injury, he is not entitled to reimbursement under the statute, even though he at times did work embraced within the statute. Matter of McQueeney v. Sutphen & Myer, 167 App. Div. 528, 153 N. Y. Supp. 554; Matter of Kohler v. Frohmann, 167 App. Div. 533, 153 N. Y. Supp. 559; Smith v. Price, 168 App. Div. 421, 153 N. Y. Supp. 221; Matter of Parsons v. Delaware & Hudson Co., 167 App. Div. 536, 153 N. Y. Supp. 179.

Applying the foregoing to the claim at bar, it is clear that additional evidence must be adduced and more comprehensive findings made before a janitor, who casually and incidentally did plumbing, repair, and heating work, may receive compensation under the statute for injuries received while ascending a ladder to the roof for the purpose of hanging a flag.

The award is set aside. All concur.