Order reversed, with $10 costs and disbursements. All concur.

---

## COLLINS v. BROOKLYN UNION GAS CO.

(Supreme Court, Appellate Division, Third Department. January 18, 1916.)

1. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—APPEAL—FINDINGS REVIEWABLE.

Findings of fact by the deputy sitting in behalf of the State Industrial Commission that the accident arose out of and in the course of employment, and the Commission's finding that there was an accident through stumbling over some obstruction, to support which evidence was entirely lacking, were reviewable on appeal from the award of the Commission.

2. MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—BASIS OF AWARD—EVIDENCE—STATUTORY PRESUMPTIONS.

Workmen's Compensation Law (Consol. Laws, c. 67) § 21, provides that in any proceeding for compensation it shall be presumed, in the absence of evidence to the contrary, that the claim comes within the provisions of the Compensation Law, that sufficient notice thereof was given, that the injury was not occasioned by the willful intention of the injured employé to bring about the injury, and that it did not result solely from his intoxication while on duty. Held, that the State Industrial Commission is not authorized by the section, or other parts of the act, to make an award of compensation, in the absence of some evidence that the employé was injured in consequence of something that had relation to the employer's work, since the presumptions of section 21 do not relieve a claimant from producing evidence that the injuries arose in the course of employment by the employer against whom the claim is directed, though as soon as evidence of employment and injury in its course is submitted the first presumption of section 21 carries presumption of the Commission's jurisdiction, the applicability of the statute, the hazardous character of the employment, and the inclusion of the work

within the scope of a hazardous employment, while the other items of the section carry presumptions covering the other conditions precedent to an award specified in section 10, regulating the employer's liability for compensation.

Kellogg, P. J., dissenting.

Appeal from Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Law by Elizabeth Collins to obtain compensation for the death of her husband, William J. Collins, opposed by the Brooklyn Union Gas Company, the employer and insurer. Compensation was awarded, and the employer appeals. Claim remanded to the State Industrial Commission.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Cullen & Dykman, of Brooklyn (Jackson A. Dykman, of Brooklyn, of counsel), for appellant.

Egburt E. Woodbury, Atty. Gen., and Jeremiah F. Connor, of New York City (E. C. Aiken, Deputy Atty. Gen., of counsel), for State Industrial Commission.

WOODWARD, J. The award made and the proceedings had in the State Industrial Commission with reference to this claim were alike predicated upon serious misunderstanding of the fundamental requisites of that fair arbitrament of "the substantial rights of the parties" which is directed by section 68 of the Workmen's Compensation Law. The proceedings before the Commission disclose a basic misapprehension as to the meaning and requirements of sections 21, 67, and 68 of the law, and the outcome is an award upon a claim which should have been dismissed.

The deceased was an assistant foreman in the employ of the street department of the Brooklyn Union Gas Company. His duties were negligible, so far as active physical work or exertion was concerned. While he was sweeping dirt and pebbles off the paving in the vicinity of the work being done by the gang of men to which he was attached, he suddenly fell to the street. Seventeen days later he died in the hospital, and an autopsy revealed that in his fall he had evidently received a fracture of the skull. The same autopsy disclosed that the fall had in all probability been due to an attack of cardiac syncope, to which the previous condition of the heart predisposed it. At the time the deceased was recovering his wits, after his fall to the pavement, he told a fellow workman that "a weak spell must have come to him," and on the following day he told an examining physician that "he had a dizzy spell."

The claimant's original theory had evidently been that this cardiac syncope and fainting was due to the presence of an excessive quantity of gas emanating from the trench near which the decedent was when he fell. The proof wholly failed to give any support to that theory, and the Commission based its award instead upon a finding that Collins "stumbled over some obstruction in the street and fell to the ground." All the evidence adduced before the Commission negatived the idea that there was any "obstruction in the street," anything over

which Collins did stumble or might have stumbled. There was no evidence adduced to indicate that Collins did stumble, or that he fell as a consequence of doing or while doing any particular act or while putting forth any particular exertion. There was not a vestige of evidence in the case to indicate that Collins' fall was due to anything except that, while standing in the street, he happened to have a sudden attack of cardiac syncope, to which he was predisposed. There was nothing to sustain the finding that his injury was "accidental," or that it arose "out of" the employment, except in the sense and to the extent that his sudden spell of fainting came during working hours and had more serious consequences, because at the time he was standing on a hard pavement.

The claimant in fact presented no "proof" or "evidence" at all, and rested her case solely upon the "employé's claim for compensation," a paper so "fearfully and wonderfully" drawn that it did not correctly state the deceased's employment or the street in which he fell, and left doubt for the most part whether the claimant's husband was alive or dead at the time the paper was filled out. Even the allegations of this paper showed no "stumbling," no "obstruction," no "accident," nothing arising "out of" the employment; the employer's proofs disproved the "gas" and the "obstruction" theories, and indicated that there was no "stumbling."

Nevertheless, at the close of the hearing, the deputy who sat in behalf of the Commission said:

"I am going to deny your request, and allow the claim on the basis that the accident arose out of and in the course of the employment, in the absence of proof to the contrary, and on the further ground that the testimony of the witnesses would indicate that there was an accident."

[1, 2] This, and the Commission's subsequent finding of fact as to an "accident" through "stumbling over some obstruction," were, of course, as we have already pointed out, lacking in evidence tending to support the same, and hence fully reviewable here. It should, moreover, be said that the deputy commissioner incorrectly stated and applied the presumptions arising under section 21 of the act. There is nothing in section 21, or any other part of the act, which relieves a claimant from producing evidence that the injuries arose "out of and in the course of" an employment of the injured person by the employer against whom the claim is directed. Once that evidence of the employment, the injury in the course of it, the injury as result of something arising from the employment, is submitted, the first presumption enumerated in section 21 carries presumption of the Commission's jurisdiction, the applicability of the statute, the "hazardous" character of the employment proved, and the inclusion of the work being done by the injured person at the time of the injury within the scope of an "employment" enumerated and defined as "hazardous" (Matter of Mc-Queeney v. Sutphen & Myer, 167 App. Div. 528, 153 N. Y. Supp. 554; Matter of Kohler v. Frohmann, 167 App. Div. 534, 153 N. Y. Supp. 559), and the second, third, and fourth items of section 21 carry presumptions covering, in the absence of substantial evidence to the contrary, the other conditions precedent specified in section 10. The

Commission is not authorized, however, to make an award under the act in the absence of at least some evidence that the employé met with an injury while he was at work for the specified employer and as a consequence of something that had a relation to the work of the employer, something done by him or by others while he was so employed. The act does not undertake to make the employer an insurer of the life, health, or regular heart action, of an employé during the hours of labor, in the absence of proof that injury was due, for example, to a fall caused by cardiac syncope arising from overexertion in the course of the employment.

The errors of this Commission were such as to fall clearly within the powers and duty of this court to curb and correct. The time has not yet come when money may be taken directly from an employer and indirectly from the patrons of a great public utility upon such a paucity of proofs and such a pretense of judicial findings as are revealed by this record. The claim is remanded to the Commission; unless further and satisfactory proof is adduced, it should be dismissed.

Award reversed, and matter remitted to the Commission for its action. All concur (LYON, J., in result), except KELLOGG, P. J., who dissents.

SMITH, P. J., was not a member of the court at the time of the decision.