Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HARRIETTE LA FLEUR, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of Her Husband, HENRY LA FLEUR, v. G. M. WOOD, JR., Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, May 2, 1917.

Workmen's Compensation Law — injury to right side resulting in acute pericarditis — evidence — when findings of State Industrial Commission conclusive — appeal — when Appellate Division permitted to interfere.

An employee of one conducting the business of erecting silos fell into a well hole in such a manner as to strike against a center pole used in the construction of a silo, producing a contusion of his right side, and subse-

quently developed acute pericarditis with a serofibrinous exudate, resulting in his death. Evidence examined, and *held*, that the conclusion of fact by the State Industrial Commission that death resulted from the injuries sustained, should be affirmed.

Where there is any evidence fairly calculated to establish the essential facts, the policy of the law requires that the finding of the State Industrial Commission shall be supported.

The Appellate Division is not permitted in such a case to consider the weight of evidence in the ordinary sense, for it is only when there is no evidence of probative force that it is permitted to interfere.

APPEAL by the defendants, G. M. Wood, Jr., and another, from an award of the State Industrial Commission, made on the 14th day of March, 1916.

*Robert M. McCormick* and *Bond & Schoeneck* [*Edward Schoeneck* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General,* and *Robert W. Bonynge,* counsel to State Industrial Commission [*Harold J. Hinman, Deputy Attorney-General,* of counsel], for the State Industrial Commission, respondent.

*Thomas Burns,* for the claimant, respondent.

WOODWARD, J.:

The State Industrial Commission has awarded compensation to the widow of Henry La Fleur, who is alleged to have died from injuries received while in the employ of G. M. Wood, Jr., who was conducting the business of erecting silos. There are no disputed questions in respect to the nature of the employment, or the fact of liability, except that it is contended by the appellants that the evidence fails to show that the death grew out of the injuries. This question depends upon some highly technical testimony of physicians called in behalf of both parties, and while it must be confessed that it is not entirely satisfactory we are of the opinion that it was such as would have demanded a submission of the question to a jury, and the conclusion of fact found by the State Industrial Commission is made conclusive by statute. (*Matter of Dale* v. *Saunders Brothers,* 218 N. Y. 59, 63.) In *Matter of Collins* v. *Brooklyn Union Gas Co.* (171 App. Div. 381) and kindred cases, it has been held that there must be evidence of some degree of probative force to support an

award; but where there is any evidence fairly calculated to establish the essential facts, the policy of the law requires that the finding shall be supported, and that the compensation shall be paid. (*Matter of Moore* v. *Lehigh Valley Railroad Co.*, 169 App. Div. 177, 187, and authority there cited.)

In the case now before us the decedent fell into a well hole in such a manner as to strike against a center pole, used in the construction of a silo, producing a more or less serious contusion of his right side immediately below the nipple. He continued to work from June 19, 1915, the day of the injury, up to the ninth day of July following when he was unable to continue. He had had medical attention on the day following the injury, and was bandaged upon the theory that some of his ribs were broken, and at different times he was advised by his physician to quit work, but he continued as above stated until the ninth of July when he was confined to his home, and soon afterward developed what the doctor diagnosed as bronchitis, but which subsequently was found to be acute pericarditis with a serofibrinous exudate, causing his death on the 16th day of July, 1915.

There was a decided conflict in the evidence, and, from the record as it reaches us, there is much reason to doubt if a jury would have been justified in finding in favor of the claimant's theory upon the evidence produced; it is quite likely that in an action based upon negligence this court would feel called upon to reverse the judgment as against the weight of evidence, but we are not permitted to consider the weight of evidence in the ordinary sense, for it is only when there is no evidence of probative force that we are permitted to interfere. Here there is evidence, which seems to be in harmony with the medical authorities, to the effect that the accident was a sufficient producing cause of the acute pericarditis, with its accompanying conditions; that the bruising of the chest on the right side was sufficient to produce a traumatic injury to the membrane surrounding the heart, and in this way bring about the ultimate death. That the doctors disagree about this, and that it is difficult to harmonize the theories even of those who testify in support of the award, is most true, but the State Industrial Commission were not bound to accept the theories of any of the witnesses; they

were there to try the facts, and if they could spell out from the evidence a theory in harmony with the facts which gave a reasonable foundation for the award, it was proper this should be done. It cannot be said as a matter of law that there was not such evidence in this case.

The appellants' case was presented here with unusual subtlety and force, and the argument has compelled careful attention on the part of the court, but we are forced to conclude that the award should be affirmed.

Award unanimously affirmed.