Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH WEBER, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GEORGE HAISS MANUFACTURING COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 3, 1920.

**Workmen's Compensation Law — consequential results of accidental injury — " hysterical blindness " and loss of sight of left eye resulting from removal of right eye necessitated by injury thereto — section 10 and section 3, subdivision 7, construed.**

Where in a proceeding under the Workmen's Compensation Law it appears that simultaneously with the removal of the right eye of the claimant, necessitated by an injury thereto, the sight of the left eye became affected

and is now almost wholly lost; that no injury has been done to the eye ball, the optic nerve or any physical thing constituting a part of the organ of sight, but that the claimant's trouble is " traumatic neurosis " or " hysterical blindness," an award should be affirmed.

Section 10 of the Workmen's Compensation Law, providing that " Every employer * * * shall pay or provide * * * compensation * * * for the disability or death of his employee resulting from an accidental personal injury," and making the consequential results of an accidental injury compensable, is not limited by the provision of subdivision 7 of section 3, which merely makes certain that conditions consequent upon disease following accidental injury shall be regarded as themselves the consequence of such injury.

WOODWARD and KILEY, JJ., dissent, with opinion.

APPEAL by the defendants, George Haiss Manufacturing Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 16th day of June, 1919.

*Jeremiah F. Connor,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant sustained an injury to his right eye which made its removal by operation necessary. Simultaneously with the operation the sight of the left eye became affected, and is now almost wholly lost. No injury appears to have been done to the eyeball, the optic nerve, or any physical thing constituting a part of the organ of sight. Yet distinguished physicians are agreed that the claimant is not simulating blindness, and in fact does not see. Dr. Neustaedter, chief neurologist of Bellevue Hospital, who was paid for his services as a witness by the employer, stated: " He cannot see at all." He diagnosed the trouble as " traumatic neurosis " or " hysterical blindness," and said: " This psychic shock, the surgical operation which produced the shock, was the primary means of producing that hysterical blindness." It is not important that the claimant has an uninjured physical equipment with which he *should* but *cannot* see. After all a man sees with his brain, not with his eyeball or his optic nerve, and if an operation

performed upon an eye so affects the mind, the nerves, or even the imagination, that a man genuinely loses vision with his other eye, then the faculty of sight has been more directly attacked than when assailed through the mechanical contrivances by which it functions. The Workmen's Compensation Law in section 10 provides that " Every employer * * * shall pay or provide * * * compensation * * * for the disability or death of his employee resulting from an accidental personal injury." All the consequential results of an accidental injury are thus made compensable. The operation of this section is not in the least limited by the provision of section 3, subdivision 7, which merely makes certain that conditions consequent upon disease following accidental injury shall be regarded as themselves the consequence of such injury. This was perhaps a necessary provision for the reason that, strictly speaking, disease is never caused by injury, but is merely provided with opportunity thereby. If an injury requires an operation, and the operation deranges the mind or nerves, clearly disabilities resulting from the derangement result from the injury. In negligence cases involving railroad disasters nothing is more common than recoveries for nervous and hysterical disorders due to shock. If a neurosthenic condition consequent upon accidental injury is compensable, as it clearly is, then surely a disorder such as hysterical blindness, which forms a constituent part of that condition, must also be compensable. The award should be affirmed.

All concur, except WOODWARD, J., dissenting, with an opinion in which KILEY, J., concurs.

WOODWARD, J. (dissenting):

The claimant, on the 24th day of August, 1916, received an injury to his right eye which resulted in the destruction of the sight of that eye. On the 23d day of October, 1916, the claimant testified before the State Industrial Commission that " the other eye is not affected; it is all right." The Commission made an award for a period of 128 weeks, the full statutory allowance for the loss of an eye. On the 22d day of August, 1917, almost one year from the date of the accident, the claimant wrote a letter to the State Industrial Commission,

in which he says that " I am unable to work as my left and only eye is giving me a good deal of pain day and night," and asks the Commission to " kindly reconsider my case and see that justice is done to me," etc. On the twelfth of September of the same year he wrote a second letter to the same general effect. Subsequently reports of physicians were received, all of them agreeing substantially that there was no physical injury to the left eye, and on the 16th day of June, 1919, a further award to date from the 8th day of February, 1919, was made, and the case continued for further consideration. The employer and insurance carrier appeal from this award.

The statute provides for the loss of an eye a compensation based on earning capacity for a period of 128 weeks, and it is further provided that " the compensation for the foregoing specific injuries shall be in lieu of all other compensation " (Workmen's Compensation Law, § 15, subd. 3, as amd. by Laws of 1916, chap. 622),* and as it is not claimed that there was any accidental injury to any other than the right eye, it is difficult to understand how this award can be sustained. A personal injury is defined by the statute to " mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." There is absolutely no evidence in this record that there was any disease or infection of the left eye; all the physicians agree that there is no physical defect of the left eye. They suggest that if there is in fact a failure of the eyesight that it is due to the depressed nervous condition of the claimant, but there is nothing to show " disease or infection * * * naturally and unavoidably " resulting from the injury to the right eye, and the statute clearly excludes any other ground for compensation. (§ 3, subd. 7, as amd. by Laws of 1916, chap. 622.)*

The State Industrial Commission passed upon the injury to the right eye and made an award to the full extent of the statute, and its powers in this regard would seem to be exhausted. It is true that it is provided in section 22 that " Upon its own motion or upon the application of any party

---

* Since amd. by Laws of 1917, chap. 705.— [REP.

in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter, and shall state its conclusions of fact and rulings of law," etc., but this clearly does not contemplate taking into consideration a condition which did not " naturally and unavoidably result " from the original accident, nor does it justify increasing the statutory allowance for specific injuries.    No claim for an injury to the left eye was ever filed, so far as we can discover, and the statute provides (§ 28)* that " the right to claim compensation under this chapter shall be forever barred unless within one year after the injury * * * a claim for compensation thereunder shall be filed with the Commission."    A claim for a specific injury to the right eye is not a claim for a defective vision of the left eye, and where the claimant has, by his own testimony, disclaimed any resulting injury at the time of the original award, and he produces no evidence to show that the alleged defective vision is the result of a disease or infection naturally and unavoidably resulting from the primary injury, we are of the opinion that the State Industrial Commission has no authority to reopen a case, after the period of one year, and to make an adjudication upon another and different trouble.

The award appealed from should be reversed.

KILEY, J., concurs.

Award affirmed.

---

* Since amd. by Laws of 1918, chap. 634.— [REP.