Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FELICE RAINA, Respondent, for Compensation under the Workmen's Compensation Law, v. STANDARD GAS LIGHT COMPANY OF THE CITY OF NEW YORK, Employer and Self-Insurer, Appellant.

Third Department, July 8, 1920.

**Workmen's Compensation Law — partial blindness following burns caused by gas — award sustained.**

A claimant under the Workmen's Compensation Law after recovering and receiving an award for burns about the face and body by gas discovered that he was blind in his left eye and could see but little out of his right eye.

*Held*, on all the evidence, that the blindness resulted from the injury and that an award therefor should be sustained.

APPEAL by the defendant, Standard Gas Light Company of the City of New York, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of November, 1919, and affirmed by said Commission on a rehearing had on the 13th day of January, 1920.

*Shearman & Sterling* [*H. E. Almberg* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, and *Bernard L. Shientag* of counsel], for the respondent, State Industrial Commission.

*Napoleon B. Kleinpeter*, for the claimant, respondent.

KILEY, J.:

The appellant, employer, is a self-insurer in New York city. The employer's first report, after a careful examination by its foreman or superintendent, says that on the 6th day of December, 1918, at seven-twenty A. M., claimant "was wheeling ashes in cellar when Fireman F. Nettis opened, by mistake, ash clapper on No. 2 generator which was on a gas making run at the time. The escaping gas ignited causing

severe burns on face, arms and body." It was explained in the evidence before the Commission that in the one intended to be opened for the purpose of removing slag and ashes the gas had been turned off. Claimant was sent to a hospital, his burns treated, and compensation awarded on account of the burns to his head, face and limbs, about which appellant finds no fault. Some time later claimant discovered that when he left his bed after a confinement of five or six weeks, he could not see out of his left eye and but little out of his right eye. The oculists, one for the respondent and one for the appellant, say that this condition existed for a long time and was due to causes, of which they know nothing, long predating the injury by the gas flame. Dr. Gulliver testified before the Commission: " I had him return to me on two different occasions, in the hope that he would acknowledge more vision or that I could prove he was an exaggerator or malingerer. I couldn't prove he was an exaggerator or malingerer, however, and whatever I say regarding that is my opinion, I have no definite proof." Notwithstanding the position Dr. Gulliver takes on this case, he says if the claimant came to him for treatment, not for evidence, he would assume his statements were true. He says the reason he does not accept them now is because he never has seen a case like it before. Not a very convincing reason. There is practical agreement between the doctors that the vision of the left eye is useless. An engineer and contractor testified that claimant worked for him eighteen years, on buildings, stagings, pipes, beams and timbers, and that there was nothing defective in his eye-sight that showed in his work in all of these dangerous places. He worked for the appellant a couple of years. Co-workers said his eye-sight was bad, but none could tell any instance where he manifested it by acts or words. All right before the fire, helpless everafter, is there any other cause? The Commission awarded him 128 weeks' compensation because of this injury, and appellant cites *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435); *Matter of Collins* v. *Brooklyn Union Gas Co.* (171 App. Div. 381); *Potts* v. *Pardee* (220 N. Y. 431); *Frings* v. *Pierce-Arrow Motor Car Co.* (182 App. Div. 445) and *Matter of Grammici* v. *Zinn* (219 N. Y. 322) as sustaining its contention. An examination of each and

all of these cases shows they are easily distinguishable from the one at bar. I am inclined to think that the able prevailing opinion in *Weber* v. *Haiss Mfg. Co.* (191 App. Div. 12; affd. in the Court of Appeals without opinion, 229 N. Y. 525), points the way to the real solution of claimant's difficulty.

The award should be sustained.

.Award unanimously affirmed.