Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LEON BROWN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* DOWNEY-SNELL LOGGING COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — failure to establish accidental injury — award reversed and claim dismissed.**

Award under the Workmen's Compensation Law reversed and claim dismissed because of the failure of the claimant to establish an accidental injury.

APPEAL by the defendants, Downey-Snell Logging Company and another, from a decision and award of the State Industrial Commission, made on the 10th day of November, 1919, and entered in the office of said Commission.

*Robert H. Woody* [*James F. Barber* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

The employer's first report in this case is to the effect: " This man was on the load of logs and must have strained himself as he soon said he was sick and jumped to the ground and lay there in an epileptic fit, and when he came to his jaw was out of joint." Claimant in his claim for compensation says: " Catching a log on skidway I was jerked forward. I felt sick at stomach and faint and fell down in the snow." The attending physician makes the next report and states what the patient told him, same as given in the claimant's report and says he thinks the symptoms are due to the injury. His opinion is based upon what claimant told him as to how the accident happened. Dr. Flood makes the next report and says he first saw the claimant April 16, 1919, and gives the date of accident as March 2, 1919, and says patient told him: " Log struck his stomach." Based upon that information he says he thinks the symptoms are due to the injury. Dr. W. A. Wardner, who reduced the dislocation of the jaw on the day of the injury, which he says was March 2, 1919, says from the description, claimant had a fit. Dr. Matthews saw him but could not give any information or opinion, except to say " symptoms were much like epilepsy." Dr. Farmer, of Watertown, N. Y.; says, under date of October 23, 1919, that claimant told him " he suddenly felt badly, stepped off the load and fell unconscious." The claimant was sworn upon the hearing and represented by an attorney. The attorney stated his understanding of the case as follows: " On March 2, 1919, this claimant was employed by Downey-Snell Logging Company loading logs. As I understand it, he was on top of a load of logs, and while there he felt dizzy and got down off the load and fell unconscious into the snow." Deputy Commissioner Richards asked claimant if that was so, and he answered yes. In answer to another question he said that he

strained or hurt himself and was doing it all the morning catching logs on the skidway. At a subsequent hearing on the examination of his own counsel he testified: " I felt good up until I was standing on the load and I commenced to feel kind of faint, sick and dizzy and I said ' I feel ill.' I stepped off the load into the snow." Later he testified that the doctor misunderstood him when he made his report; that he told the doctor that he was standing on the load when he felt ill, that the doctor " got it I was catching a log." It is very evident the doctors depended upon the first statement which was hearsay, and was not true at that, as appears by the subsequent evidence of the claimant. He, claimant, insists that he was standing on the load, felt ill, etc. With great effort the Commission did not seem able to change it. Under the ruling in *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435); *Matter of Belcher* v. *Carthage Machine Co.* (224 id. 326), and *Matter of Collins* v. *Brooklyn Union Gas Co.* (171 App. Div. 381), I do not see how this award can be sustained.

I favor reversal.

All concur.

Award reversed and claim dismissed.