La Sucesión de Pedro París Parrilla, compuesta de su Viuda Emiliana Pérez Benis y sus hijas Carmen Aída, Olga, Esperanza. y Felícita París Pérez, recurrente, *v.* La Comisión Industrial de Puerto Rico, demandada.

Núm. 19.—*Sometido:* Noviembre 29, 1937. *Resuelto:* Diciembre 22, 1937.

*Angel A. Vázquez,* abogado de la recurrente; *Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar* y *Luis Negrón Fernández* y *G. Aliles Moréu,* abogados los dos últimos del Fondo del Estado, abogados de la demandada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La Sucesión de Pedro París Parrilla presentó reclamación al Administrador del Fondo del Seguro del Estado en solicitud de indemnización por la muerte del referido Pedro

París Parrilla mientras trabajaba en uno de los muelles de la Bull Insular Line. El Administrador del Fondo del Estado resolvió que la muerte del obrero no se debió a ningún accidente sufrido mientras estaba en el cumplimiento de los deberes de su empleo, y esta decisión fué confirmada por la Comisión Industrial en apelación.

El interfecto era un obrero corriente de la Bull Insular Line. Había hecho algunos trabajos en la mañana del día en que murió. En la tarde de dicho día él y otros obreros recibieron instrucciones de trasladar una caja grande que pesaba como 1,200 libras. Mientras se dedicaba a voltear dicha caja Pedro París Parrilla cayó al suelo y murió pocos minutos después. Ante la Comisión Industrial se adujo prueba pericial médica para demostrar que la muerte se debió a una afección cardíaca y no directamente al supuesto accidente.

La recurrente señala dos errores. El primero se refiere a que la Comisión Industrial consideró indebidamente un certificado preparado por el Dr. Koppish de la Escuela de Medicina Tropical. Este certificado revelaba que el Dr. Koppish había practicado un examen microscópico del corazón, los pulmones y otros órganos del occiso. Su informe tendió a demostrar que la muerte se debió exclusivamente a una estenosis aórtica y no al trabajo asignado al interfecto o a la caída. Otro médico, el Dr. Espinosa, estuvo presente al tiempo en que se practicó el examen microscópico. Este prestó declaración al efecto de que la muerte de París Parrilla se debió al estado de su corazón y no al accidente. De suerte, pues, que el informe del Dr. Koppish, tomado en consideración quizá erróneamente por la Comisión, no fué el único testimonio y su uso por la Comisión debe considerarse como un error no perjudicial.

El segundo señalamiento se dirige a la raíz del caso. La recurrente insiste en que el accidente fué la causa próxima e inmediata de la muerte del obrero. Sostiene que la muerte se debió directamente a la caída.

Las palabras esenciales de la ley aplicable son:

"Artículo 2.—Las disposiciones de esta Ley serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, que sufran lesiones o se inutilicen, o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muerte derivadas de la ocupación, según se especifican en el artículo siguiente. . . ." (Ley núm. 45 de 1935, Leyes de ese año, pág. 251, 253.)

Las palabras más conspicuas para nuestros fines son "como consecuencia del mismo."

La Comisión Industrial cita un número de casos *in pari materia* en que, bajo circunstancias similares, los tribunales han resuelto que la muerte ha de atribuirse a la enfermedad y no al trabajo asignado al obrero. *Stombaugh* v. *Peerless Wire Fence Co.,* 164 N. W. 537, 15 N.C.C.A. 635; *Matter of Collins* v. *Brooklyn Union Gas Co.,* 171 N. Y. App. Div. 381, 156 N.Y.S. 957, 15 N.C.C.A. 647; *Lyons* v. *Fox New England Theatres (Conn.)* 153 Atl. 778 (1931). *Schneider Workmen's Compensation Law,* Tomo 1, 2da. edición, págs. 596 a 597. *Thackway* v. *Connelly & Sons,* 3 B.W.C.C. 37, 8 N.C.C.A. 106; *Carter* v. *Llewellyn Iron Works,* 2 Cal. I.A.D. Dec. 971. *Honnol on Workmen's Compensation,* tomo 1, pág. 497. Nos inclinamos a convenir con ellos.

Desde luego, podría admitirse que el obrero no hubiera muerto el mismo día de no habérsele asignado el trabajo de ayudar a voltear la caja. Nuestra respuesta a esto es que el campo de casos en que un hombre moriría bajo semejantes circunstancias es relativamente pequeño. La recurrente, conforme hemos visto, no entra en todas estas consideraciones, mas dadas las palabras de la ley no creemos que podemos decir que la muerte de París Parrilla fuera el resultado de un accidente proveniente de un "acto o función inherente a su trabajo o empleo."

*Debe confirmarse la resolución de la Comisión Industrial.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.