In the Matter of the Claim of MARGARET F. BELCHER, against CARTHAGE MACHINE COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — evidence — an award made under the law cannot be sustained upon uncorroborated hearsay evidence.**

An award made under the Workmen's Compensation Law (Cons. L. ch. 67) cannot be sustained upon hearsay evidence, uncorroborated by facts, circumstances or other evidence. There must be evidence

setting forth facts of a probative character, outside of hearsay statements, to prove the award and show it is fair and just. (*Matter of Sorge* v. *Aldebaran Co.*, 218 N. Y. 636; *Matter of Fogarty* v. *National Biscuit Co.*, 221 N. Y. 20, distinguished.)

*Matter of Belcher* v. *Carthage Machine Co.*, 184 App. Div. 922, reversed.

(Argued October 2, 1918; decided October 29, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*E. C. Sherwood*, *William B. Davis* and *Amos H. Stephens* for appellants. The award was based on hearsay, which was contradicted by substantial evidence. (*Carroll* v. *Knickerbocker Ice Company*, 218 N. Y. 435.) All that the claimant's evidence shows is that the accident alleged could have or might have caused the fatal sarcoma. Such testimony is not evidence that the accident did cause it. (*Scharff* v. *Jackson*, 216 N. Y. 598; *Specht* v. *Waterbury Co.*, 208 N. Y. 374; *Weidinger* v. *Third Ave. R. R. Co.*, 40 App. Div. 197; *Raynor* v. *Met. St. Ry. Co.*, 106 App. Div. 449; *Newton* v. *R. R. Co.*, 106 App. Div. 415; *Mackey* v. *Ry. Co.*, 115 App. Div. 467; *Weber* v. *Third Ave. R. R. Co.*, 12 App. Div. 512; *Koch* v. *Zimmerman*, 85 App. Div. 370.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The award was based upon substantial evidence. (*Reed* v. *McCord*, 160 N. Y. 330; *Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *McRorie* v. *Monroe*, 203 N. Y. 426.)

McLAUGHLIN, J. On the 7th of November, 1916, Thomas H. Belcher died. His widow made a claim on

behalf of herself and another dependent against the employer for an award growing out of his death. The state industrial commission, upon the theory that it was due to an injury received on the 7th of June preceding, while in the employ of the Carthage Machine Company, made an award to his widow and minor dependent under the Workmen's Compensation Law. The employer and insurance carrier appealed to the Appellate Division, where the same was affirmed, and they appeal to this court.

The industrial commission, after hearings had by it, at which several witnesses were sworn, some in favor and others against allowing the claim, found certain conclusions of fact which, so far as material, are, in substance, as follows: That on the 7th of June, 1916, the claimant's husband was the superintendent and general manager of the Carthage Machine Company; that while thus acting in its plant at Carthage, N. Y., he was struck by a casting which was falling from a pile of castings, and injured; that the injury then received resulted in sacroma of the ribs and pleura, which, on the 7th of November following, caused his death.

The appellants challenge the correctness of this conclusion and urge there is nothing to indicate that the death of claimant's husband was due to any injury which he received at the time and place alleged, except that shown by hearsay evidence. In this respect the appellants are correct. There is nothing to sustain this award except hearsay evidence. The question, therefore, is squarely presented whether an award made under the Workmen's Compensation Law can be sustained upon hearsay evidence, uncorroborated by facts, circumstances or other evidence. I do not think it can.

A perusal of this record shows there is nothing to sustain the conclusion of the industrial commission that the deceased was injured while in the employ of the

machine company on the 7th of June, 1916, other than his own declaration to that effect. It does appear that he stated to his wife and other witnesses that while he was at work in the company's plant on that day a casting fell, by reason of the breaking of a chain, and to avoid being injured he exerted himself to such an extent his side was injured. It also appears that he died of an injury to his side. In this connection, however, it is to be noted that he consulted a physician five days after the injury is alleged to have been sustained, and that he then stated to him that the injury to his side of which he was complaining was due to his being thrown against an automobile lamp while cranking an automobile. This physician testified that he made a thorough examination of the deceased and did not then discover a fractured rib or any other serious injury to the side. The deceased did not consult another physician until some time during the following August, when an examination disclosed a fractured rib. In the meantime it appears he had been in at least two automobile accidents, and when complaining about his side, declared to at least one witness it was due to one of such accidents; and to sustain this statement the foreman of the employer's plant testified that a casting did not fall when the deceased was present. Another employee testified he was at work in the plant at the time when the accident is alleged to have occurred and he never heard of it; and the one whose duty it was to make a report of all accidents also testified that she never heard of it. If an accident had occurred as here claimed, to the superintendent and general manager, it is fairly to be inferred that some one other than himself would have heard of it, and yet not a single witness was produced to testify thereto. Under such circumstances to permit a claim against the employer to be sustained is to base an award upon sympathy and not evidence.

This court has held that great liberality should be allowed in establishing claims under this statute, but in the final analysis, notwithstanding such liberality, there must be evidence setting forth facts of a probative character, outside of hearsay statements, to prove the award and show it is fair and just. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.)

In reaching this conclusion *Matter of Sorge* v. *Aldebaran Co.* (218 N. Y. 636) and *Matter of Fogarty* v. *National Biscuit Co.* (221 N. Y. 20) have not escaped my attention. They are not in point or controlling of the question here presented. In the former case the only disputed question was whether the accident arose out of and in the course of the employment, and the declarations of the deceased were in part at least corroborated by certain facts and circumstances, while in the latter there were facts and circumstances shown which a majority of this court was of the opinion justified the commission in making the award which it did.

I am of the opinion that the order of the Appellate Division should be reversed and the determination of the industrial commission should be annulled and the claim remitted to the industrial commission for rehearing, with costs to abide event.

HISCOCK, Ch. J., COLLIN and CRANE, JJ., concur; CHASE, CUDDEBACK and HOGAN, JJ., dissent.

Order reversed, etc.