Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of VINCENZO CIMMINO, Respondent, for Compensation under the Workmen's Compensation Law, against JOHN T. CLARK & SON, Employer, and the FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

Workmen's Compensation Law — injury of stevedore engaged in performance of maritime contract — injury while at work on board ship lying at dock — loading and unloading of cargo — hazardous occupation — statute construed — effect of amendment of Federal Judicial Code relative to maritime cases — presumption as to notice.

A stevedore, injured on February 26, 1918, while at work under a maritime contract on board a ship lying at a dock in Brooklyn, is entitled to an award under the Workmen's Compensation Law.

It was not necessary to re-enact groups 8 and 10 of section 2 of the Workmen's Compensation Law, as re-enacted by chapter 249 of the Laws of 1918, which specified " Longshore work, including the loading or unloading of cargoes " as one of the hazardous occupations, so as to make them

effective as of October 6, 1917, the date of the amendment of the Federal Judicial Code giving to claimants in admiralty and maritime cases the rights and remedies under the Workmen's Compensation Law of any State. The State statute came into force the moment the amendatory act of Congress was passed.

The work of loading and unloading a ship is as much maritime in its nature as the work of navigating the vessel.

Where no claim is made before the Commission that written notice was not given within ten days as required by the statute, it is presumed, under section 21, to have been given.

APPEAL by the defendants, John T. Clark & Son and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 30th day of April, 1918, and also from an award entered in said office on the 4th day of June, 1918.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

LYON, J.:

The question at issue upon this appeal is whether the claimant being engaged in the performance of a maritime contract at the time he sustained his injuries should have been denied compensation.

On February 26, 1918, the claimant, who was a stevedore at work on board a ship lying at Twenty-ninth street, Brooklyn, N. Y., slipped on the deck, fracturing the distal end of the radius of his right wrist. The work of loading and unloading a ship is as much maritime in its nature as the work of navigating the vessel. (*Atlantic Transport Company* v. *Imbrovek,* 234 U. S. 52.) Following the decision of *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) Congress amended section 24 and section 256 of the Judicial Code on October 6, 1917, chapter 97, section 2, as follows: " Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants the rights and remedies under the Workmen's Compensation Law of

any State."*    Following this action of Congress, the Legislature of the State of New York on April 17, 1918, by chapter 249, re-enacted groups 8 and 10 of section 2 of chapter 41 of the Laws of 1914, as amended by the Laws of 1916 and 1917, which specified " Longshore work, including the loading or unloading of cargoes " as one of the hazardous occupations.

We do not think it was necessary to re-enact the provisions of the New York statute to make them effective as of October 6, 1917.   (*Veasey* v. *Peters,* 77 So. Rep. 948.)   As was said by the New Jersey Court of Errors and Appeals (*Allison* v. *Corker,* 67 N. J. L. 596): " But I am prepared to go further, and hold that an unconstitutional statute is nevertheless a statute — that is, a legislative act.   Such a statute is commonly spoken of as void.   I should prefer to call it unenforceable, because in conflict with a paramount law * * * An unconstitutional statute is not merely blank paper.   The solemn act of the Legislature is a fact to be reckoned with.   Nowhere has power been vested to expunge it or remove it from its proper place among the statutes." The New York statute came into force the moment the amendatory act of Congress was passed.   " While Congress in the exercise of its power to regulate commerce between the States and foreign nations, can legislate upon that subject as well in ports and harbors as in the high seas, by so doing it does not repeal, but suspends State law upon the subject, and when the act producing this result is repealed or so modified as to permit the operation of the State law, it becomes again valid and in force."   (*Henderson* v. *Spofford,* 59 N. Y. 131, citing *Sturgis* v. *Spofford,* 45 id. 446.   See, also, *Anderson* v. *Pacific Coast S. S. Co.,* 225 U. S. 197.)

As to the claim that no written notice was given within ten days as required by the statute, the point was not raised before the Commission.   It is, therefore, presumed to have been given.   (§ 21.)

The award should be affirmed.

Award unanimously affirmed.

---

* See 36 U. S. Stat. at Large, 1091, § 24, subd. 3, as amd. by 40 id. 395, chap. 97, § 1; 36 id. 1160, 1161, § 256, subd. 3, as amd. by 40 id. 395, chap. 97, § 2.— [REP.