In the Matter of the Claim of GERTRUDE I. ELDRIDGE, Respondent, against ENDICOTT, JOHNSON & Co. et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — death of employee of tannery from anthrax — assumption, without evidence, by industrial commission that anthrax was communicated by hides which employee handled.**

Where an employee of a tanning company, whose work was counting South American and Mexican hides as they were unloaded from freight cars, had a pimple on his neck following a cut received while being shaved and after the pimple was opened and poulticed his neck swelled and he died three days later from anthrax, an award by the state industrial commission for his death cannot be sustained. In the absence of all proof upon the subject, the commission was not justified in presuming that the hides in question had anthrax and that the germ could pass to a person working about them, and it could not take judicial notice of the nature of these skins or their susceptibility to anthrax or to the method or likelihood of inoculation by an employee. Section 21 of the Workmen's Compensation Law is not a substitute for facts, and the commission is not authorized to make an award thereunder in the absence of at least some evidence that the employee might with his cut have taken anthrax while at work about the hides.

*Matter of Eldridge* v. *Endicott, Johnson & Co.*, 189 App. Div. 53, reversed.

(Argued January 5, 1920; decided January 20, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 23, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellants. The death of the deceased was not caused by an accident arising out of and in the course of his employ-

ment within the intention of the legislature as expressed in the Workmen's Compensation Law. (*Hiers* v. *Hull & Co.*, 178 App. Div. 350; *Sherwood* v. *Johnson*, 1913, W. C. & Ins. Rep. 57; *Steel* v. *Cammell, Laird & Co.*, 1905, 2 K. B. 237; *Eke* v. *Hart-Dyke*, 1910, 2 K. B. 677; *Higgins* v. *Campbell & Harrison*, 1904, 1 K. B. 328; *Fenton* v. *Thorley*, 1903, App. Cas. 443; *Matter of Collins* v. *B. U. Gas Co.*, 171 App. Div. 381.)

*John Marcy, Jr.,* and *Laverne M. Twining* for claimant, respondent. The death of the deceased was caused by an accident arising out of and in the course of his employment, within the intent and meaning of the Workmen's Compensation Law. (*Hiers* v. *Hull & Co.*, 178 App. Div. 350; *Horrigan* v. *Post Standard Co.*, 224 N. Y. 620; *Matter of Hart* v. *Wilson*, 227 N. Y. 554; *Matter of Plass* v. *C. N. E. Ry. Co.*, 169 App. Div. 826.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for State Industrial Commission, respondent. It is conceded that the deceased employee died of anthrax, and it is a reasonable inference that the anthrax germ entered the cut in the neck while in the course of his employment. (*Matter of Hart* v. *Wilson*, 227 N. Y. 554; *Higgins* v. *Campbell & Harrison*, 6 W. C. C. 1.) It has been held in this court as well as in the courts of other jurisdictions that the contraction of anthrax is an accident for which the state industrial commission may make compensation. (*Brinton's Limited* v. *Turvey*, 7 W. C. C. 1; *Hiers* v. *Hull & Co.*, 178 App. Div. 352; *Plass* v. *C. N. E. R. R. Co.*, 221 N. Y. 472; *Lewis* v. *Ocean A. & G. Corp.*, 224 N. Y. 18; *Hood* v. *Maryland Casualty Co.*, 206 Mass. 223; *Ætna L. Ins. Co.* v. *P. G. & C. Co.*, 229 Fed. Rep. 552; *Vennon* v. *N. D. Lumber Co.*, 154 N. W. Rep. 640; *Paul* v. *T. Ins. Co.*, 112 N. Y. 472.)

CRANE, J. On November 20th, 1915, William Eldridge died leaving a wife and four children. He lived in the

village of Endicott, Broome county, New York, and worked for Endicott, Johnson and Company as subforeman of a freight gang at one of their tanneries. The cause of Eldridge's death was anthrax and the claim is that he contracted it in the course of his employment while working about the hides at the tannery. The evidence to sustain this claim presented to the commission showed that Eldridge in November of 1915 had been cut in the neck while being shaved by the barber of the village and that a pimple appeared after the cut had healed over. The wife pricked this with a needle and applied a poultice of sugar and Octagon soap and covered it with a cloth which went around his neck. At that time the neck was not swollen. This was on the 17th of the month. He went to work and when he returned at night his neck was swollen and three days thereafter he died of anthrax as stated.

Eldridge's work was counting hides as they were unloaded at the freight cars. The hides were called dry Cèarà hides from Southern Mexico and South American countries. Some of the employees noticed that Eldridge's neck was swollen while he was at work. Solely upon this evidence the commission found as follows: " On or about November 17th, 1915, the day when the symptoms of anthrax first appeared, William Eldridge was working for his employer at the tannery above mentioned. On November 16, 1915, while being shaved at a public barber shop in Endicott, New York, William Eldridge's neck was slightly cut with a razor. The reasonable inference is that he contracted anthrax in the course of his employment. He died as a result of said anthrax November 20, 1915."

No evidence was given as to the nature of anthrax, whether hides such as those in question have anthrax bacteria and whether and in what manner it may be transmitted to men. The commission has presumed that because Eldridge had a cut or pimple, worked in a

tannery about hides and died of anthrax that he must have recived the injury in the course of his employment. On this appeal it is said by the respondent that the employer conceded that the deceased got the anthrax germ at his work. We do not so read the record. Mr. Phillips asked the appellants' lawyer if he conceded that Eldridge received anthrax in his work. The lawyer replied: " He got a cut outside of his work and it is supposed he got the anthrax germ at his work," to which the claimant's lawyer said: " You ought to concede that he got the anthrax germ at his work," and to this the other attorney answered: " I do not know much about this case, I am not going to concede anything that should not be conceded."

This cannot be accepted as an admission of a fact which should have been proved to sustain the award.

We do not think this is a case where the commission were justified in taking judicial notice or in presuming that hides such as those in question usually or frequently contain anthrax germs and that a person working about them with an open wound is likely to receive the germ and die of anthrax.

It has been held that glanders is not a disease so frequently taken by man as to permit the court to take judicial notice of its character. (*State* v. *Fox,* 79 Md. 514; 24 L. R. A. 679.)

And yet instances have arisen where death resulted from glanders acquired from a horse. (*Matter of Richardson* v. *Greenberg,* 188 App. Div. 248.) In Webster's Dictionary anthrax is defined to be " an infectious, and usually fatal, bacterial disease of animals, especially cattle and sheep, and occasionally of man, to whom it may be transmitted by inoculation."

In the absence of all proof upon the subject the commission was not justified in presuming that the hides in question had anthrax and that the germ could pass to a person working about them; in other words, the commis-

sion could not take judicial notice of the nature of these skins or their susceptibility to anthrax or to the method or likelihood of inoculation by an employee. Some evidence should have been given upon these matters to justify the assumption and finding made.

Section 21 of the Workmen's Compensation Law (Cons. Laws, ch. 67) is not a substitute for facts and does not help the claimant in this particular. The commission is not authorized to make an award under this section in the absence of at least some evidence that the employee might with his cut have taken anthrax while at work about the hides. (*Collins* v. *Brooklyn Union Gas Co.*, 171 App. Div. 381.)

If this employee had been inoculated through the cut in his neck with anthrax germs from the hides and the cut had been received a few days before at the barber shop while being shaved, a question might arise as to whether the inoculation were an accidental personal injury arising out of the course of his employment.

We do not reach this question and shall not attempt to decide it as the facts of the case are not substantiated by any evidence and the matter must be sent back to the commission for a rehearing.

The order of the Appellate Division and the determination of the industrial commission should be reversed and the claim remitted to the commission for rehearing, with costs to abide event.

HISCOCK, Ch. J., CHASE, COLLIN and ANDREWS, JJ., concur; CARDOZO and POUND, JJ., dissent.

Order reversed, etc