In the Matter of the Claim of ANTHONY SKARPELETZOS, Respondent, *v.* COUNES & RAPTIS CORPORATION et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — award for death of alien workman can be made to alien non-resident father or mother, not to both parents.**

Under section 17 of the Workmen's Compensation Law (Cons. Laws, ch. 67), providing that in case of the death of an alien workman, injured while working in this state, compensation may be made to specified alien dependents, not residents of the United States or Canada, by the express terms of the statute an award can be made only to a father *or* mother instead of to both parents, as may be if they are residents. The legislature had the power to discriminate between alien dependents and resident dependents, and having done so in plain language, the words " father *or* mother " cannot be construed as if they read " each parent."

*Matter of Skarpeletzos* v. *Counes & Raptis Corporation,* 188 App. Div. 942, modified.

(Argued January 5, 1920; decided January 27, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 10, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Theodore H. Lord* and *Alfred W. Meldon* for appellants. The Compensation Act in terms limits compensation to non-resident alien dependent parents of the deceased to the father or mother. (L. 1916, ch. 622; *Debessi* v. *Normandy Water Co.*, 228 Fed. Rep. 234; *Cassella* v. *McCormick*, 180 App. Div. 94.)

*George J. Chryssikos* for respondent. Section 17 of the Compensation Law authorizes compensation to both father and mother. (*Casella* v. *McCormick*, 180 App. Div. 94.)

POUND, J. This is a workmen's compensation case. Deceased was an alien who was killed in the course of his employment. He left no wife or child. His father and mother were non-resident aliens and the industrial commission made an award to each parent of twenty-five per centum of his wage, which has been upheld by the Appellate Division. The question is as to the proper award of the death benefit under the provisions of section 17, Workmen's Compensation Law (Cons. Laws, ch. 67; L. 1914, ch. 41, as amended by L. 1916, ch. 622), which reads as follows:

" § 17. Aliens.— Compensation under this chapter to aliens not residents (or about to become non-residents) of the United States or Canada, shall be the same *in amount* as provided for residents, except that dependents in any foreign country shall be limited to surviving wife and child or children, or, if there be no surviving wife or child or children, to surviving father *or* mother, *or* grandfather *or* grandmother, whom the employee has supported, either wholly or in part, for the period of one year prior to the

date of the accident, and except that the commission may, at its option, or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the commission."

Appellants contend that the statute provides for an award to one parent only and not to both. The classes of resident dependents for whose benefit an award may be made extend (§ 16) not only to wife or husband, children, parents or grandparents, but also to brothers and sisters under the age of eighteen. In case of parents, death benefits shall be paid " for the support of *each* parent, *or* grandparent, of the deceased, if dependent upon him at the time of the accident, twenty-five per centum of such wages during such dependency." The aggregate amount payable shall not exceed sixty-six and two-thirds percentum of such wages. Each parent or each grandparent is thus specifically provided for, and the total award may equal sixty-two and two-thirds per cent of the decedent's wages. But in the case of dependents who are non-resident aliens, the statute is less liberal. It contains no provision for an award to *each* dependent parent or grandparent but provides only for father *or* mother, *or* grandfather *or* grandmother. Read as it has been below, with a view to harmonizing the two sections, as if it said " to each surviving parent or grandparent," it would call for an award to both dependent parents or to four dependent grandparents, and would thus give as wide a range of benefit to the alien family as to the citizen family. Non-resident alien relatives may thus be discriminated against (*Maiorano* v. *B. & O. R. R. Co.*, 213 U. S. 268; *Gregutis* v. *Waclark Wire Works*, 86 N. J. Law, 610, 614), and they are expressly excluded or paid in half the amounts provided for residents under some of the acts. Although the language of the statute is not wholly free from ambiguity, the pur-

pose to discriminate rather than to confer equal rights upon them and to limit the award to twenty-five per cent of decedent's wages, is evident. This is further indicated by the fact that section 25 provides for the payment of the full commuted amount of compensation to resident dependents, where section 17 provides for the payment of only one-half the amount to aliens. The practical result of an effort to reconcile the inconsistent phraseology of the two sections is a revision rather than an interpretation of the latter section. " Whether the reason for doing so was good or not, it was for the legislature to decide, and it adopted this policy in such plain language that we are not justified in construing " the words " father *or* mother " as if they read " each parent." (*Matter of Meng*, 188 App. Div. 69, 80; approved, 227 N. Y. 264, 272.) The award may be made to one dependent parent, but not to both.

The order and award should be modified by striking out the award in favor of Panagious Skarpeletzos, the mother of deceased, and as thus modified affirmed, with costs to the appellants.

HISCOCK, Ch. J., CHASE, COLLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents.

Ordered accordingly.