Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMALIA HANSEN. Respondent, for Compensation under the Workmen's Compensation Law, for Herself and Minor Son, for the Death of Her Son, JACOB PETERSON, v. THE FLINN-O'ROURKE CO., INC., Employer and Self-Insurer, Appellant.

Third Department, July 8, 1920.

**Workmen's Compensation Law — sections 68 and 21 — hearsay evidence — presumption that claim was filed in time where records do not show otherwise.**

While the State Industrial Commission may receive hearsay evidence under section 68 of the Workmen's Compensation Law, still there must be some legal evidence of a probative character of the facts outside of such hearsay statements.

The evidence of the deceased's brother and sister showing or tending to show dependency, was sufficient to make applicable the provision as to presumptions found in section 21 of the Workmen's Compensation Law.

Though the records show no indorsement indicating when the claim was filed with the State Industrial Commission, and the Commission makes no finding as to when the claim was filed, it may be presumed, under section 21 of the Workmen's Compensation Law, that the claim was filed before the year, provided by the statute as a limitation, elapsed.

APPEAL by the defendant, The Flinn-O'Rourke Co., Inc., from an award of the State Industrial Commission, entered in the office of said Commission on the 7th day of November, 1919.

*Charles J. Katzenstein,* for the appellant.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag,* of counsel], for the respondents.

KILEY, J.:

The claimants here are mother and minor brother of the deceased. They are aliens residing in Norway. On the 15th of December, 1915, claimant, Emalia Hansen's son, Jacob Peterson, true name Hansen, and about twenty years of age,

was injured while in the employ of appellant at its place of business in Brooklyn, N. Y. He died within a few minutes after receiving the injury. The appellant seeks the reversal of the award and dismissal of the claims upon three several grounds: *First*, that there was no legal proof of dependency. *Second*, that the notice of claim or claims as required by section 28 of the Workmen's Compensation Law was not filed within the time therein provided; and *third*, that as both alleged claimants were aliens an award could not, in any event, be made to but one of them. As to the first proposition, questions of dependency shall be determined as of the time of the accident. (*Birmingham* v. *Westinghouse Electric & Mfg. Co.*, 180 App. Div. 48.) Section 17 of the law as it now stands requires that support shall have been given within one year prior to the time of accident causing death; that amendment was passed in 1916, after this accident occurred, and hence this question must be considered under the provisions of section 17 of chapter 41 of the Laws of 1914, where no such limitation appears. Much of the documentary evidence offered in behalf of claimants would not have been competent under any rule of law obtaining outside of this statute. Section 68 seems to intend wide latitude and discretion in the Commission to be exercised in determining the facts. In *Matter of Belcher* v. *Carthage Machine Co.* (224 N. Y. 326) and *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 id. 435) the right to receive hearsay evidence under section 68 of the Workmen's Compensation Law is recognized; but holds that there must be some legal evidence of probative character of the facts outside of such hearsay statements. In this case the difficulty is overcome with the evidence of the brother and sister of the deceased showing or tending to show dependency, sufficient to make applicable the provision for presumptions found in section 21 of the Workmen's Compensation Law. Before passing to the second ground urged for reversal it is suggested that the third ground advanced cannot prevail. Appellant relies on *Matter of Skarpeletzos* v. *Counes & Raptis Co.* (228 N. Y. 46). That decision was made after the amendment of section 17 of the Workmen's Compensation Law by chapter 622 of the Laws of 1916, and the accident and death happened after such amendment. This case did not come

under that law and is not governed by that decision. Under the second alleged ground advanced by appellant as sufficient to reverse the award it is urged that claimants failed to file their claims with the Commission within one year after the death of the son and brother, as required by section 28 of chapter 41 of the Laws of 1914, under which law this proceeding was had. Jacob Peterson (Hansen) was injured so he died December 15, 1915; the employer's proof of death mentions his mother as his only dependent; it is dated January 17, 1916. The mother makes a claim as dependent dated October 5, 1916. These documents are dated within the year. No mention is made of the alleged dependent brother until January 29, 1917, when what purports to be intended for a claim is signed by both mother and son claiming compensation. The records show no indorsement indicating when the mother's claim was filed with the Commission. The Commission makes no finding as to when the claim of the mother's was filed. The brother's claim was not made, in form, until after one year from the death had elapsed so that the award must be reversed as to him. Under section 21 the presumption can be indulged that the mother's claim was filed before the year elapsed provided by statute as a limitation.

All concur.

Award reversed and claim dismissed as to the alleged dependent brother, and affirmed as to the dependent mother, Emalia Hansen.