In the Matter of the Claim of JOHN GRAHAM, Respondent, v. WALSH CONSTRUCTION Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board which found that claimant's employment with appellant employer in 1937, 1938 and 1939 exposed him to compressed air and caused him to be disabled from compressed air disease on September 3, 1965, the date the disease was first diagnosed, and, finding that the filing of his compensation claim on September 20, 1965 was timely, awarded compensation benefits accordingly. Appellants do not dispute the causal relationship found, but do contend that the claim was not timely filed within the requirements of sections 28 and 40 of the Workmen's Compensation Law. Section 40, so far as here pertinent, denies benefits " unless the disease is  *  *  *  contracted  *  *  *  within the twelve months previous to the date of disablement ". By section 28, it is provided that a claim for disablement caused by compressed air illness " shall not be barred by the failure of the employee to file a claim within such period of two years [limited for claims generally], provided such claim shall be filed after such period of two years and within ninety days after disablement and after knowledge that the disease is or was due to the nature of the employment." Appellants' contention with respect to untimely filing is that " claimant actually became disabled in 1939, because of the effect on him of working in compressed air ",

claimant having testified that he left that work because he "was getting the bends too much, too often"; from which appellants argue that the above-quoted conditions of section 28 permitting filing "within ninety days after disablement and after knowledge" had not been met. We read this conjunctive phrase as requiring the concurrence of both provisos — disablement and knowledge of occupational disease — to bar the claim; but, in any event, the board found that neither existed within the time limited and its decision may not, on this record, be disturbed. This being so, we need not pass upon the preliminary objection advanced in the respondent board's brief that appellants did not in their application for board review, or elsewhere, urge their present contention that the date of disablement should have been fixed as of September 30, 1939 and hence may not argue it here. (Workmen's Compensation Law, § 23; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672, 673.) Returning to the merits, we observe that it was not until September 3, 1965 or about that time that compressed air disease was diagnosed. It may well be that claimant had the bends in 1939 and knew he had the bends, but this is not to say he had knowledge that he had caisson disease. Certainly, the board was not bound to find otherwise. There is no assurance even now that the disease itself, other than some manifestations that it might be in the offing, had been contracted in 1939, and there is no evidence exactly as to when the disease actually was contracted. It is precisely because of this problem with slow starting diseases that the Legislature has seen fit to waive certain filing requirements, and why the board is given great discretion in fixing a disability date that will do no injustice to the claimant. This is made clear in *Matter of Kindlick* v. *Nassau Smelting & Refining Co.* (12 A D 2d 4) and *Matter of McCann* v. *Walsh Constr. Co.* (282 App. Div. 444, affd. 306 N. Y. 904). The board's discretion to fix the date of disablement as that of the diagnosis has frequently been recognized and, indeed, very recently. (*Matter of Guardi* v. *General Elec. Co.*, 30 A D 2d 738, mot. for lv. to app. den. 22 N Y 2d 644; *Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603.) Even under sections 28 and 40 claimant would have had to file a claim within 90 days of disablement and knowledge and so the board was at liberty to set the disability date at a time when the disease was actually diagnosed. Had an earlier date been set the claim obviously would have been untimely, with the result of creating the highly unfair situation envisioned in *Kindlick* (*supra*). The argument that claimant is not disabled from working at his present job (that of guard at a cemetery) is entirely beside the point. He is disabled from compressed air work, perhaps partly by age, but also partly by the injurious exposures received in that employment. Therefore, of course, he is entitled to be compensated for any loss in wages after the date of disability. Appellants also contest the rate of the award, which was predicated on the wage of an employee working in a compressed air employment for substantially the whole of the year preceding the September 3, 1965 disablement date, this because claimant did not work in such an employment within that period (Workmen's Compensation Law, § 14, subd. 2). Once the propriety of the board's finding of the 1965 disablement date has been established, as we think it has, the result reached by the board follows readily enough from the explicit provisions of the statute, which we may not, of course, disregard, even though, as appellants complain, the award is larger than an award made in 1939 would have been. This is due, of course, to economic factors to which all employers and employees are subject. (See *Matter of Croce* v. *Ford Motor Co.*, 307 N. Y. 125, 130–131.) Thus, under the statute, the "disablement" is the "accident" (§ 38); if a disabled claimant in an occupational disease case "is able to earn wages at

another occupation which shall be neither unhealthful nor injurious, and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be computed pursuant to the provisions of article two of this chapter" (§ 39); and article 2 includes, of course, section 14, hereinbefore referred to, and section 15 (subd. 5) relating to decreased earning capacity. It is clear enough that the "full wages" referred to in section 39 are those earned by claimant, or in this case another workman, in the disabling industry, which the section explicitly distinguishes from "another occupation * * * neither unhealthful nor injurious". Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.