■ In the Matter of the Claim of JACOB WARD, Respondent, v. MERRITT, CHAPMAN & SCOTT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board, filed August 23, 1967. On July 13, 1965 the claimant, then 64 years of age, filed a claim for workmen's compensation, alleging that he had developed lung disease and silicosis as the result of his employment as a rock driller, and that he had stopped work on November 13, 1962. He was employed by the appellant employer from June 22, 1962 to November 4, 1962 at which time he was laid off, according to the employer, because of lack of work. The claimant testified that he stopped work on November 2, 1962 because he got the "vibrations, shaking" on the job and could not work, and that he had filed a claim for that injury. The claimant died on December 13,

1966. On August 23, 1967 the Workmen's Compensation Board determined that the claimant was totally disabled due to an occupational silicosis; that the claimant did not have knowledge that his disability was due to silicosis until August 4, 1965; that the claim was timely filed; and, that the date of disablement was properly fixed as of September 29, 1965. The appellants contend that there is no substantial evidence in the record to support the board's determination of total disability due to silicosis, and that the finding that the claim for benefits was timely filed is erroneous as a matter of law. The claimant testified that on September 9, 1964 he was treated at Presbyterian Hospital and was then told that he had dust in his lungs and there was no treatment for this condition. There is no evidence, however, that silicosis was the cause of his disability at that time, and the hospital's records indicate that the examining physician diagnosed his ailments as hypertensive cardiovascular disease, benign prostatic hypertrophy and gout, and treated him periodically for these conditions until May, 1965. In the month of July, 1965 the claimant consulted his attorney who filed the claim for benefits as a precautionary measure by reason of his experience in silicosis cases, and advised the claimant to have X rays taken. On August 4, 1965 the claimant had chest X rays taken and, on August 5, 1965, the X rays were brought to Presbyterian Hospital where an interpretation was made of silicosis. He was then examined by Dr. Dorfmann, a specialist in diseases of the chest, on September 24, 1965, and on September 29, 1965 a written diagnosis was made informing the claimant that he was suffering from silicosis with infection causally related to his employment. Thus, for the first time a definite diagnosis was made of the occupational disease which disabled the claimant. On this evidence the board could properly determine that the date of disablement was September 29, 1965. (*Matter of Richardson* v. *National Container Corp.*, 23 A D 2d 904), and could reasonably conclude that September 29, 1965 was the first date on which the claimant had actual knowledge that he had silicosis, which was the cause of his disability, and determine that the claim was timely filed pursuant to section 44-a of the Workmen's Compensation Law. Substantial evidence also exists to support the board's determination that the claimant was totally disabled by reason of silicosis causally related to his occupation. Although Dr. Bobrowitz, the carrier's medical expert, reported and testified that the claimant was only partially disabled by reason of silicosis, Dr. Dorfmann, the claimant's medical expert, testified that total disability was due to "Silicosis with infection, causally related to claimant's employment". The report of Dr. Davies, Dr. Brock and Dr. Rabin, comprising the Board of Expert Chest Consultants, determined that the claimant was totally and permanently disabled because of silicosis, thus supporting the evidence of Dr. Dorfmann. The testimony and reports of these experts were sufficiently direct and specific to create an issue of fact, and to warrant findings for or against total disability and causal relation. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; Workmen's Compensation Law, § 20.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.