In the Matter of the Claim of JOHN CITNY, Respondent, v. ATLAS STEEL CASTING COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J.—Appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board filed March 20, 1968 and February

28, 1969. The appellants do not dispute the findings of the board that claimant is disabled as a result of silicosis caused by his exposure to dust at the employer's foundry and that the proper date of disablement is August 5, 1960 when the claimant last worked. The claimant apparently believed from the time he last worked in August of 1960 that he was disabled because of silicosis. However, Dr. Abbott testified that he diagnosed the claimant's condition in 1960 as lung cancer. Subsequently on March 4, 1966 a diagnosis of silicosis was made by Dr. Abbott and the claimant filed a claim for compensation within a week thereafter. The board found that the claimant filed within 90 days after acquiring knowledge that his disease was due to the nature of his prior employment as required by section 44-a of the Workmen's Compensation Law as amended by chapter 613 of the Laws of 1965. The appellants contend that the record does not support the finding that claimant first knew of his silicosis condition in 1966 and that in fact claimant knew of the diagnosis in 1960. The testimony of the appellants' doctor establishes that he did not diagnose silicosis until 1966 although he may have told the claimant he had silicosis because the claimant's wife did not want him to be told of the then diagnosed lung cancer. The fact that claimant had diagnosed his own condition as silicosis from the time he stopped working in 1960 is of no consequence. (See *Matter of Graham* v. *Walsh Constr. Co.*, 30 A D 2d 996, 997, mot. for lv. to app. den. 23 N Y 2d 643.) It would be incredible to assume that a layman should be bound by his personal diagnosis of disability from an insidious dust disease when no doctor had yet correctly diagnosed the disabling condition. It was merely fortuitous that claimant was correct in his own diagnosis and he would have had no medical support for making a claim until his physician diagnosed the condition as silicosis in 1966. Workmen's Compensation claims cannot be established on mere supposition. The appellants also contend that since the disability occurred in 1960, the amendment of section 44-a of the Workmen's Compensation Law in 1965 to waive the two-year filing period when the claim is filed within 90 days of the acquisition of knowledge is inapplicable. The policy of applying remedial statutes to claims being adjudicated after the effective date of such statutes even though disablement occurred prior thereto is well established. (See *Matter of Wood* v. *Queen City Neon Sign Co.*, 282 App. Div. 106, mot. for lv. to app. den. 306 N. Y. 979; *Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21, affd. 8 N Y 2d 918; *Matter of Gordon* v. *Mohawk Carpet Mills*, 13 A D 2d 560, mot. for lv. to app. den. 9 N Y 2d 612.) The rationale of *Matter of Mlodozeniec* v. *Worthington Corp.* (*supra*) is applicable to the present case and, accordingly, the board properly applied the subject section 44-a as amended in 1965 to the present claim. (Cf. *Matter of Gama* v. *Gould Co.*, 26 A D 2d 880.) Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.