OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 
 *693
 
 Said order affirmed three decisions of the Workmen’s Compensation Board: one, which found that the "claim for compensation was timely filed by the claimant within ninety days after he first had knowledge that the disease was totally disabling and was due to the nature of the employment, in accordance with the provisions of section 44-a of the Workmen’s Compensation Law”; a second, "based on the medical report and testimony of Dr. Brock, Expert Chest Consultant, that the claimant’s occupational silicosis contributed to and caused the decedent’s death”; and a third, pursuant to section 15 (subd 8, par [ee]) of said law, that the claim is the liability of the Special Disability Fund provided for under subdivision 8 of said section and not the Fund for Reopened Cases under section 25-a of said law. (The date of disablement had been found to be August 28, 1957.) One Justice dissented insofar as the order "affirms the award of disability compensation”.
 

 Employee Collins worked at the employer’s aluminum factory at Buffalo from 1950 to August 28, 1957, when the plant closed. During this period of employment he was exposed to silica dust and thereafter never worked again. Although operated upon in 1954, after which a diagnosis of tuberculoma with antraco-silicosis was made, Collins was informed that he had nothing to worry about. The employer’s local medical director, who had seen Collins on numerous occasions, testified there wasn’t any reason to believe he had silicosis on the basis of reports of X rays taken subsequent to the surgery in 1954, 1955, 1956 and 1957. In 1958, at a hospital, the employee first learned he had silicosis and thereafter was found to be suffering from prostatic hypertrophy, pyelonephritis, diabetes, emphysema and hepatitis. Collins filed his claim for compensation on July 7, 1969, shortly after being at a hospital where an entry reading "Dyspnea on exertion * * * Will apply for compensation” was made. Death occurred on May 16, 1973.
 

 Section 44-a of the Workmen’s Compensation Law provides that in the case of an employee whose disability or death is due to silicosis the right to compensation shall not be barred "by the failure of the employee or his dependents to file a claim within the two-year period prescribed by section twenty-eight of this chapter, provided such claim shall be filed after such period of two years and within ninety days after disablement and after knowledge that the disease is or was due to
 
 *694
 
 the nature of the employment.” At the time of Collins’ disablement and eventual death, the Workmen’s Compensation Law restricted its protection, in respect to disabilities sustained or deaths incurred by employees resulting from occupational silicosis, to those employees who were totally disabled from silicosis or who died from the disease (see former Workmen’s Compensation Law, § 3, subd 2, par 28 [L 1947, ch 431, eff July 1, 1947], renumbered par 29 [L 1971, ch 665, eff July 1, 1971] and amended by deleting words "resulting in total disability or death” [L 1974, ch 577, eff July 1, 1974]; see, also,
 
 Matter of Smith v Ingersoll-Rand Co.,
 
 50 AD2d 988;
 
 Matter of Chatman v Acme Steel & Malleable Iron Works,
 
 16 AD2d 726; cf.
 
 Matter of Ward v Merritt, Chapman & Scott,
 
 30 AD2d 1010). Manifestly, therefore, the 90-day limitation of section 44-a started to run after this employee knew that he was totally disabled as a result of silicosis, or that the silicosis contributed to or aggravated another condition and that the combination resulted in total disability, and that his silicosis "disease is or was due to the nature of the employment.” It is presumed, in the absence of substantial evidence to the contrary, that the notice required by statute was given (Workmen’s Compensation Law, § 21, subd 2;
 
 Matter of Dorb v Stearns & Co.,
 
 180 App Div 138, 140; 66 NY Jur, Workmen’s Compensation, § 587, p 261; see, also,
 
 Matter of Hansen v Flinn-O'Rourke Co.,
 
 192 App Div 878, 880;
 
 Matter of Cimmino v Clark & Son,
 
 184 App Div 745, 747).
 

 Here, the Workmen’s Compensation Board had a right to find, based on a lack of substantial evidence to the contrary, that Collins’ notice was filed within 90 days after he acquired knowledge that his silicosis was totally disabling and was due to the nature of his employment (cf.
 
 Matter of Slade v Perkins,
 
 42 AD2d 667, affd 33 NY2d 988; see, also,
 
 Matter of Citny v Atlas Steel Casting Co.,
 
 33 AD2d 853;
 
 Matter of Ward v Merritt, Chapman & Scott,
 
 30 AD2d 1010,
 
 supra).
 
 The October 18, 1965 entry in a hospital record, relied on by the employer, does not reveal the source of the information or that knowledge was imparted to or possessed by Collins.
 

 The testimony and report of an expert consultant on dust diseases furnished substantial evidence in support of the board’s determination as to the cause of death (see
 
 Matter of Ernest v Boggs Lake Estates,
 
 12 NY2d 414, 416). It having been determined that the employee’s claim was filed in compliance with section 44-a and thus was not "stale”, since a
 
 *695
 
 time lapse as specified in subdivision 1 of section 25-a of the Workmen’s Compensation Law did not ensue, and it being conceded that there was no advance payment of compensation, there is no predicate to shift liability to the Fund for Reopened Cases under section 25-a (Workmen’s Compensation Law, § 25-a, subd 1; see
 
 Matter of Riley v Aircraft Prods. Mfg. Corp.,
 
 40 NY2d 366, 369-370;
 
 Matter of Casey v Hinkle Iron Works,
 
 299 NY 382).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.