■ In the Matter of the Claim of WALTER SCHEULEN, Respondent, v NEW YORK TIMES COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 25, 1983, which discharged the Special Fund for Reopened Cases from liability.

Claimant retired on December 19, 1969 after working some 25 years as a pressman during which he was exposed to industrial noise. Eleven years later on October 10, 1980, claimant filed a claim for occupational loss of hearing pursuant to article 3-A of the Workers' Compensation Law and received an award for 40.7% binaural loss. The employer and its carrier did not dispute

the award, only their obligation to pay it. Having concluded that no advance payment of compensation was made, the Board discharged the Special Fund for Reopened Cases from liability under section 25-a of the Workers' Compensation Law, citing *Matter of Collins v Aluminum Co.* (44 NY2d 692). Relying upon *Matter of Riley v Aircraft Prods. Mfg. Corp.* (40 NY2d 366), the employer and its carrier urge on this appeal that the Board erred in discharging the Special Fund inasmuch as the claim was "stale" and thus within the scope of the Special Fund's responsibility.

Initially, we note that the employer and its carrier waived any objection to the timeliness of this claim by failing to object at the first hearing (Workers' Compensation Law, § 28; cf. *Matter of Thomas v Bethlehem Steel Corp.,* 95 AD2d 118).

The issue before us is whether, on an initial claim arising from a 1969 injury, an award pursuant to section 49-bb of the Workers' Compensation Law is chargeable ultimately to the Special Fund. The statute, by its terms, undisputedly creates a special fund for "reopened cases" (Workers' Compensation Law, § 25-a, subd 3). It has been held that Special Fund liability "may be imposed only in a case which has been closed and is reopened by fresh application" (*Matter of Casey v Hinkle Iron Works,* 299 NY 382, 385). As noted in *Matter of Riley v Aircraft Prods. Mfg. Corp.* (*supra,* p 370), the reference in *Matter of Casey* to "reopened" cases should not be read restrictively. We recognize that a prior formal opening or award is not a prerequisite for holding the Special Fund liable for stale "initial" claims, for example, where voluntary payments in advance of compensation are made. Such payments constitute an "informal" award, the termination of which works a closing of the case. In such an instance, the subsequent filing of the stale "initial" claim serves to reopen the case, satisfying the threshold requirement for shifting liability to the Special Fund.

The reliance by the employer and its carrier on *Matter of Riley* in this case, however, is misplaced, since it is established that no advance payment of compensation was ever made. Thus, neither a formal nor informal award was made prior to the filing of the instant claim. Absent such payments, the Special Fund's liability may result "after a lapse of seven years from the date of the injury * * * and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation" (Workers' Compensation Law, § 25-a, subd 1, par [1]). The employer and its carrier having waived objection to the propriety of the award, we treat the claim as being filed in compliance with section 49-bb and thus not "stale"

within the context of the Special Fund's responsibilities (see *Matter of Collins v Aluminum Co.,* 44 NY2d 692, 694-695, *supra*). Since the instant claim has not previously been "disallowed or * * * otherwise disposed of", there is no predicate to shift liability to the Special Fund under section 25-a (see Workers' Compensation Law, § 25-a, subd 1, par [1]).

Decision affirmed, with costs to the Special Fund for Reopened Cases. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.