[606 NYS2d 373]

In the Matter of the Claim of ANTHONY P. DEPCZYNSKI, Appellant, v ADSCO/FARRAR & TREFTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, December 30, 1993

## APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria,* Buffalo *(John A. Collins* of counsel), for appellant.

*Raymond C. Green,* New York City, *State Insurance Fund (William L. Weinstock* of counsel), for Adsco/Farrar & Trefts and another, respondents.

## OPINION OF THE COURT

CARDONA, J.

On or about November 9, 1989, claimant filed a claim for occupational hearing loss against his former employer, Adsco/Farrar & Trefts (hereinafter the employer). At his hearing on May 21, 1991, claimant testified that the employer was in the boilermaking and heavy fabricating business and that, during the 34 years of his employment which ended in June 1980, he was regularly exposed to "very, very heavy noises". Claimant acknowledged that he began to experience hearing loss in approximately 1980. He admitted that he "knew" that the problem was the result of his employment because "[i]t's the only place it could have been". He testified that he never saw a doctor about his hearing loss until January 1991, when he was examined by Sayeed Nabi. It was Nabi who first informed claimant that his hearing loss might be due to noise exposure at work. Nabi determined that claimant suffered from "a noise induced, moderate to severe neurosensory hearing loss" and found that his binaural calculated hearing loss was 41.9%. The employer's physician found a 31.2% loss but this report was never made part of the record.

By decision filed July 11, 1991, the Workers' Compensation Law Judge awarded claimant benefits based upon findings that he sustained a 31.2% binaural loss of hearing due to work-related noise exposure; that claimant filed within 90 days of knowledge that he had loss of hearing causally related

to his employment; and "that knowledge of the compensable loss of hearing can only be based upon medical information; through medical testing or medical diagnosing for the condition under the workers' compensation standards for occupational loss of hearing". Upon review, the Workers' Compensation Board reversed and ruled that the claim was time barred, premised upon a finding that "claimant admitted that he knew ten years ago that his hearing problem was work related".

On this appeal, claimant contends that because his hearing loss was not medically attributed to his occupational exposure to noise until January 1991, when he was examined by Nabi, he did not acquire the "knowledge" required under Workers' Compensation Law § 49-bb until that time and therefore his claim is not time barred. We agree.

Workers' Compensation Law § 49-bb provides in relevant part: "A claim for loss of hearing under this article shall not be barred by the failure of the employee or the employee's dependents to file a claim within the two year period prescribed by section twenty-eight[1] of this chapter, *provided such claim shall be filed after such two year period within ninety days after knowledge that the loss of hearing is or was due to the nature of the employment*" (emphasis supplied).

Initially, we note that the meaning of the word "knowledge" presents an issue of statutory interpretation involving only proper comprehension of the Legislature's intent rather than deference to the Board's underlying construction of the term *(see, Matter of Thomas v Bethlehem Steel Corp.,* 63 NY2d 150, 154), which in the instant case impliedly equated "knowledge" with a layperson's self-diagnosis.

We find it significant that when the Legislature amended Workers' Compensation Law § 28 in 1984 to change the knowledge criterion to "knew or should have known" (L 1984, ch 659, § 2), thereby giving the employer or carrier a new defense *(see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 44-a, at 606) based upon constructive knowledge, it did not make a similar modification to section 49-bb, which takes precedence

---

1. Workers' Compensation Law § 28 generally governs the timeliness of workers' compensation claims and requires that a claim be filed within two years of the occurrence of an accident or death. That section also provides that a claim based upon an occupational disease will not be barred by the two-year Statute of Limitations provided that it is filed within two years after disablement and also after "the claimant knew or should have known that the disease is or was due to the nature of the employment" *(see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 28, at 428).

over section 28. Judicial constructions of "knowledge" under Workers' Compensation Law §§ 28, 40 and 44-a,[2] as they read prior to the 1984 amendments, rejected the present argument advanced by the Board that a claimant's self-diagnosis of a condition is sufficient *(see, Matter of Citny v Atlas Steel Casting Co.,* 33 AD2d 853; *Matter of Graham v Walsh Constr. Co.,* 30 AD2d 996, 997, *lv denied* 23 NY2d 643; *Matter of Ward v Merritt, Chapman & Scott,* 30 AD2d 1010, 1011; *see also, Matter of Collins v Aluminum Co.,* 44 NY2d 692, 694). The Legislature is deemed to have been aware of the judicial constructions accorded to the term "knowledge" prior to the 1984 amendments *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 75). By leaving the language of section 49-bb intact, the Legislature signaled its intent to retain *actual* (i.e., medically based), as opposed to constructive, knowledge of the work-related nature of the hearing loss as the criterion for determining whether a claim filed after the two-year period of limitations should be barred.[3]

Because claimant did not have medical knowledge of the fact that he suffered from an occupational hearing loss until Nabi's diagnosis rendered in January 1991, he did not have "knowledge" as required in Workers' Compensation Law § 49-bb. The fact that claimant filed his claim for compensation before he saw Nabi is of no consequence, because this Court has recognized the propriety of "precautionary" or "protective" filings in cases where the onset of the occupational injury is gradual *(see, Matter of Scimeni v Welbilt Stove Co.,* 32 AD2d 364; *Matter of Ward v Merritt, Chapman & Scott, supra).*

■ Finally, although the issue was not addressed by the Board, we determine that the finding made by the Workers' Compensation Law Judge that claimant sustained a 31.2% binaural loss of hearing is not supported by evidence in the record.

MERCURE, J. (dissenting). I dissent. This is not a case of pure

---

**2.** Prior to the 1984 amendment of Workers' Compensation Law § 28, sections 40 and 44-a also governed the timeliness of certain enumerated occupational disease claims. Those sections, which were repealed and substantially revised, respectively, had substantially identical language excepting a claim from the two-year bar of section 28 "provided such claim shall be filed after such period of two years and within ninety days after such period of two years and within ninety days after disablement and after knowledge that the disease is or was due to the nature of the employment".

**3.** "If the Legislature wished to change the interpretation of a statute, it should make an appropriate change in the language; the fact that no change in wording is made creates a presumption that no change in meaning is intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 75, at 165-166).

statutory construction. Rather, application of claimant's candid admission of long-standing knowledge that his hearing loss was the result of his employment to the requirement of Workers' Compensation Law § 49-bb that claims be filed within 90 days after "knowledge that the loss of hearing is or was due to the nature of the employment" presents a mixed question of fact and of law involving "quasi-legislative considerations of policy relating to the intended scope of the statute" (Matter of Fisher [Levine], 36 NY2d 146, 150). As such, the Workers' Compensation Board "may bring to bear its own special competence in carrying out the supervisory authority conferred on it by the Legislature" (supra, at 150) and its decision, so reached, is final if it has a rational basis (supra). In view of the Board's choice to interpret the statutory term "knowledge" according to its ordinary and usual meaning (see, McKinney's Cons Laws of NY, Book 1, Statutes § 232), its determination is by no means irrational. I would affirm.

WEISS, P. J., MIKOLL and MAHONEY, JJ., concur with CARDONA, J.; MERCURE, J., dissents in a separate opinion.

Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.